# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

## MISCELLANEOUS ACTION NO. 3:07MC-22-H

**VINCENT C. STOPHER**                                              **PETITIONER**

**v.**

**THOMAS L. SIMPSON, WARDEN**                              **RESPONDENT**

## MEMORANDUM AND ORDER

On October 30, 2007, Petitioner Vincent C. Stopher, by counsel, filed a notice of intent

to file a habeas petition pursuant to 28 U.S.C. § 2254 (DN 1), along with a motion to proceed

*in forma pauperis* (DN 3) and a motion for appointment of counsel under 18 U.S.C. § 3599

(DN 4).  The District Court referred the matter to the undersigned Magistrate Judge pursuant to

28 U.S.C. § 636(b)(1) for disposition.

A telephonic status conference was held before the undersigned on November 28, 2007.

Counsel David H. Harshaw, III, participated on behalf of Petitioner, and advised that he

represented Petitioner during the entirety of his state court post-conviction proceedings, and

that co-counsel, Dennis J. Burke, also represented Petitioner during the appeal of the post-

conviction proceedings.  Counsel David Barr of the Office of the Kentucky Attorney General

participated on behalf of Respondent Simpson.  Counsel Barr had no objection to the pending

motions.  Petitioner Stopher also participated in the conference.  The motions are now ripe for

review.

(1)        **Motion to proceed *in forma pauperis***.  To his motion, Petitioner attached an

application form (AO 240 form), an affidavit of indigency, and his prison trust account

statement for the six-month period immediately preceding the filing of his notice of intent to file a habeas petition.  A review of the application reveals that he has no significant source of income and that he owns no real estate, stocks, bonds, securities, automobiles or any other property of value.  A review of his prison trust account statement reveals that he has received an average of $154.00 a month in the six-month period immediately preceding the filing of motion and that he had an available account balance of $25.05 as of the time of filing his motion.  Finding that Petitioner has established his indigency under 28 U.S.C. § 1915, **IT IS ORDERED** that the motion to proceed *in forma pauperis* (DN 3) is **GRANTED**.

(2)    **Motion for appointment of counsel**.  Petitioner, by counsel, moves the Court to appoint attorneys Harshaw and Burke to represent him in his federal habeas corpus proceeding.

Under 18 U.S.C. § 3599(a)(2) (formerly 21 U.S.C. § 848(q)(4)(B)),

In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

Here, Petitioner is seeking to vacate or set aside a death sentence, and the Court has determined that he is financially unable to obtain adequate representation.  The only other requirement that must be met in order for Petitioner to have demonstrated his entitlement to the appointment of counsel at this time is that he must demonstrate that he has initiated a "post conviction proceeding under section 2254."  Although Petitioner has yet to file his § 2254 petition, the U.S. Supreme Court in *McFarland v. Scott*, 512 U.S. 849 (1994), "conclude[d]

2

that a 'post conviction proceeding' within the meaning of § 848(q)(4)(B) [now section 3599(a)(2)] is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." *Id.* at 856-57 ("The language and purposes of § 848(q)(4)(B) and its related provisions establish that the right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application."). Thus, Petitioner's filing of his motion for appointment of counsel, along with his indigency and his desire to set aside his death sentence, entitles him to the appointment of counsel at this time.

The next question the undersigned must address is whether attorneys Harshaw and Burke qualify for such appointment under § 3599. The relevant portion of that statute is as follows:

> (c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

> (d) . . . [T]he court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

18 U.S.C. § 3599(c)-(d).

A review of the motion reveals that both counsel Harshaw and Burke are admitted to practice before the United States District Courts for the Eastern and Western Districts of Kentucky, the Sixth Circuit Court of Appeals, and the United States Supreme Court. Both counsel are employed by the Kentucky Department of Public Advocacy in its post-conviction branch, with Harshaw representing eleven death row inmates and Burke

3

representing six death row inmates.  Both attorneys have completed multiple death penalty habeas corpus training courses.  Harshaw has been performing death-penalty, post-conviction work for almost six years, and Burke has been engaged in post-conviction work for four years, the last two of which have included death-penalty, post-conviction work.  Most importantly, both Harshaw and Burke have served as counsel for Petitioner Stopher in his state post-conviction proceedings.  The undersigned finds that Harshaw and Burke have shown that their individual as well as collective backgrounds, knowledge, and experience will enable them to properly represent Petitioner and that there is good cause to appoint them.

Accordingly, **IT IS ORDERED** that the motion for appointment of counsel (DN 4) is **GRANTED.  David H. Harshaw III and Dennis J. Burke are appointed pursuant to 18 U.S.C. § 3599(d) to represent Petitioner in the habeas corpus proceedings.**

Date:

cc:     Counsel of Record
        Petitioner Vincent C. Stopher, #113860, KSP, P.O. Box 5128, Eddyville, KY 42038-5128
        Attorney General, Commonwealth of Ky., Office of Criminal Appeals, 1024 Capital Center Drive,
            Frankfort, KY 40601
        David Barr, Attorney General's Office, Commonwealth of Ky., Office of Criminal Appeals,
            1024 Capital Center Drive, Frankfort, KY 40601
4412.44AN.005

4