**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**[CAPITAL CASE]**

**VINCENT C. STOPHER**                                                                          **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 3:08CV-P9-H**

**THOMAS L. SIMPSON, WARDEN**                                                **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

By counsel, the petitioner, Vincent C. Stopher, filed a petition and amended petition for a

writ of habeas corpus under 28 U.S.C. § 2254 (DNs 9 & 40).[1]  The respondent has moved for

summary judgment on several of Stopher's claims based on procedural default (DN 66).  Fully

briefed, the respondent's motion for summary judgment is ripe for decision.  Upon consideration

of the matter, the court is inclined to find that none of Stopher's claims are procedurally

defaulted and will provisionally deny the motion.  However, the court will not issue a final report

and recommendation at this time.  Instead, it will remand the motion for summary judgment

without prejudice from the court's active docket.  In the interest of judicial economy, the court

will issue a comprehensive final report and recommendation at a later date that addresses the

procedural-default issues as well as the merits.

**I.**

The facts underlying Stopher's conviction and sentence are recounted in the Kentucky

Supreme Court's decision on direct appeal.  *See Stopher v. Commonwealth*, 57 S.W.3d 787

(2001).  For the purpose of this opinion, the court presumes the state court's findings of fact to

---

[1]The petition and amended petition are virtually identical and contain all of the same
claims.  The amended petition merely added new citations to the Trial Transcript of Evidence
and to the Appendix and corrected a few obvious spelling and punctuation errors (DN 40).

be correct. *See* 28 U.S.C. § 2254(e)(1). The Kentucky Supreme Court recited the facts as follows:

> Appellant, Vincent Stopher, was convicted in the Jefferson Circuit Court for the murder of Jefferson County Deputy Sheriff Gregory Hans, and sentenced to death. Appellant was also convicted and sentenced to five years for one count of wanton endangerment, and two years each for four counts of third-degree assault on police officers. Appellant pled guilty to being a second-degree persistent felony offender.
>
> On March 10, 1997, Deputy Hans responded to a call made to the Louisville Police Department concerning a disturbance at Appellant's home. When Deputy Hans arrived at the location, Appellant approached the police cruiser and began striking Hans. Deputy Hans attempted to defend himself but Appellant pinned him to the seat of the cruiser with the result that Deputy Hans' left hand and arm were trapped beneath his body. Appellant unholstered Deputy Hans' handgun, pressed the barrel of the gun into Hans' face, and pulled the trigger. Immediately thereafter, Appellant got out of the police cruiser and pointed the gun at a witness, Steve Porter. Porter, afraid he was about to be shot, dropped to his knees and raised his hands. Appellant pulled the trigger, however, the gun jammed and would not fire. At this time, other officers arrived on the scene and apprehended Appellant. Witnesses stated that Appellant was enraged and shouted that he hoped the officer had died. Four officers were required to wrestle Appellant to the ground and handcuff him. While the officers were struggling with Appellant, he grabbed another officer's weapon and attempted to fire it.

*Stopher*, 57 S.W.3d at 793.

Stopher timely appealed his conviction and sentence. The Kentucky Supreme Court affirmed. *Stopher v. Commonwealth*, 57 S.W.3d 787 (2001). On May 13, 2002, the United States Supreme Court denied Stopher's timely filed petition for writ of certiorari. *Stopher v. Kentucky*, 535 U.S. 1059 (2002). On July 3, 2002, Stopher filed a motion pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 and pursuant to Kentucky Rule of Civil Procedure (CR) 60.02 in the trial court. On April 5, 2005, the trial court denied the motion without an evidentiary hearing. The Kentucky Supreme Court denied the appeal on November 22, 2006, *Stopher v. Commonwealth*, No. 2005-SC-0371-MR, 2006 WL 3386641 (Ky. Nov. 22, 2006),

and denied a petition for rehearing on February 22, 2007. Stopher filed a petition for writ of certiorari, which the United States Supreme Court denied on October 1, 2007. *Stopher v. Kentucky*, 552 U.S. 850 (2007).

Stopher then filed his petition for a writ of habeas corpus in this court on January 2, 2008 (DN 9), and his amended petition on January 30, 2009, (DN 40), raising twenty-five grounds for relief. The respondent argues that the following nine grounds are procedurally defaulted, in whole or in part:

1) **Ground Two:** Juror 479 based her decision on extra-judicial evidence denying Stopher a fundamentally fair trial under the Sixth and Fourteenth Amendments;

2) **Ground Eight:** The prosecution suborned perjury of witness Ernest Bishop in violation of federal law;

3) **Ground Nine:** The prosecution suppressed impeachment evidence from Ernest Bishop in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);

4) **Ground Twelve:** The prosecution subverted the truth-seeking process in regards to Steve Porter's Supplemental Security Income (SSI) records in violation of federal law;

5) **Ground Thirteen:** The prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), with respect to the testimony of Kevin Powell;

6) **Ground Fourteen:** The prosecution violated the Fourteenth Amendment relative to the testimony of Jennifer McGiveny;

7) **Ground Seventeen:** Trial counsel was ineffective in the guilt phase in failing to introduce evidence showing a lack of interrogation records as proof that Stopher was too intoxicated at the police station to form a statement and sign his name;

8) **Ground Nineteen:** Trial counsel was ineffective in the guilt phase for failing to obtain Steve Porter's SSI records; and finally,

9) **Ground Twenty-Two:** Trial counsel was ineffective in the penalty phase in failing to present mitigation evidence.

(DN 40, amended petition).

## II.

Since Stopher filed his petition for writ of habeas corpus on January 2, 2008, his case is

governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of

1996.  *See Dennis v. Mitchell*, 354 F.3d 511, 517 (6th Cir. 2003); *Lindh v. Murphy*, 521 U.S.

320, 327-29 (1997).  Under the AEDPA,

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

### A.  Exhaustion

Ordinarily, state prisoners must first exhaust their available state court remedies before

seeking habeas relief by fairly presenting all their claims to the state courts.  28 U.S.C.

§ 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005) ("AEDPA preserved [the] total

exhaustion requirement."); *Wilson v.Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007).  Exhaustion is

required before a state prisoner may bring a habeas corpus petition under 28 U.S.C. § 2254.

*Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The petitioner bears the burden of proving that

he has exhausted those remedies.  *Id.*

Normally, the exhaustion requirement is satisfied after the petitioner fairly presents all his claims to the highest court in the state in which the petitioner was convicted, thus giving the state a full and fair opportunity to rule on the petitioner's claims before he seeks relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Wilson*, 498 F.3d at 498-99; *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). Both the factual and legal basis for the claim must have been presented to the state courts in order to be considered "fairly presented." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006). The exhaustion principle requires a state prisoner to invoke one full round of the state's established review procedures. *O'Sullivan*, 526 U.S. at 842.

The Sixth Circuit has identified four actions that are significant to the determination of whether the petitioner has properly asserted both the factual and legal bases for his claim, *i.e.*, "fairly presented" that claim to the state court:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

If a petitioner did not "fairly present" his claim to the state court, ordinarily the entire petition must be dismissed for lack of exhaustion so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *see also Blackmon Booker*, 394 F.3d 399, 400 (6th Cir. 2004) ("Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts."). However, if a prisoner fails to present his claims to a state court and he is now barred from pursuing relief in

the state courts, his petition should not be dismissed for lack of exhaustion because there are simply no remedies *available* for him to exhaust. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

This does not mean, however, that a federal court is permitted to hear a claim that has never before been presented in state court. A federal court can entertain such a claim only if the petitioner can show cause to excuse his failure to present the claim in the state courts and actual prejudice to his defense at trial or on appeal. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### B. Procedural Default

Habeas petitioners face an additional hurdle before federal courts may review a question of federal law decided by a state court. As applied in the habeas context, the doctrine of procedural default prevents federal courts from reviewing claims that a state court has declined to address because of a petitioner's noncompliance with a state procedural requirement. In *Wainwright v. Sykes*, 433 U.S. 72 (1977), the United States Supreme Court held that, for purposes of comity, a federal court may not consider "contentions of federal law which were not resolved on the merits in the state proceeding due to [petitioner's] failure to raise them there as required by state procedure." *Id.* at 87.

The Sixth Circuit has adopted a four-part test for determining whether a claim has been procedurally defaulted:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . [Fourth,] the petitioner

must demonstrate under [*Wainwright v.*] *Sykes*, 433 U.S. 72 (1977) that there was "cause" for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

With these guiding principles in mind, the court now turns to the respondent's motion for summary judgment.

## III.

### *A. Ground Two*

Stopher asserts that Juror 479 based her decision on extra-judicial evidence in violation of the Sixth and Fourteenth Amendments.

The respondent asserts that this argument was not raised in Stopher's RCr 11.42/CR 60.02 petition on July 3, 2002, but in a motion to amend the petition pursuant to CR 15.01 filed on December 20, 2004. The respondent states that the trial court denied the motion to amend and, therefore, did not address the juror-misconduct issue in its opinion denying RCr 11.42/CR 60.02 relief. He claims, therefore, the issue has been procedurally defaulted. The respondent concedes, however, and the record reflects (DN 74, App., Vol. 3, Doc. 9, pp. 54-57),[2] that while Stopher's main petition did not address the juror-misconduct issue, Stopher's Kentucky Supreme Court RCr 11.42/CR 60.02 appellate brief set forth the claim.

In addressing that claim, the Kentucky Supreme Court found:

Stopher challenges the verdict on the basis of an[] affidavit obtained from Juror 479. The juror stated that she became aware when she saw a picture of the victim during trial that she may have had an unpleasant encounter with him. She did not disclose

---

[2]The documents in the Appendix are in .pdf format. In this Memorandum Opinion and Order, the court will reference the .pdf page numbers, not the original page numbers.

the nature of her encounter and she does not claim that she knew that she had previously encountered the victim during voir dire. Stopher claims that although the juror did not recognize the importance of the voir dire inquiries until she saw the picture of the victim at trial, she ultimately gave incorrect answers to the questions. Stopher had a right to exercise peremptory challenges intelligently as well as his right to an impartial jury and that was compromised. He claims that whether intentionally or inadvertently, the harm lies in the falsity of the information. Here, the juror gave inaccurate answers and a correct response would have provided the defendant with a valid basis for challenging for cause.

Stopher also contends that he was entitled to a hearing to prove actual bias. Here, the information withheld by the juror that she had a negative encounter with a victim would not give Stopher a basis to challenge for cause. A remote or speculative influence on a juror does not affect the right of peremptory challenge. *Crutcher v. Hicks*, 257 S.W.2d 539 (Ky. 1953). Here, the motion of Stopher was simply restated in a motion brought in 2005 pursuant to CR 15.01. That motion was denied by the trial judge who cited RCr 10.04 which states that a juror cannot be examined to establish a ground for a new trial except to establish that the verdict was made by lot. Nothing in *Bowling v. Commonwealth*, 168 S.W.3d 2 (Ky. 2005) or RCr 10.04 restricts the rule in the manner in which Stopher argues.

In *Tanner v. United States*, 483 U.S. 107, 107 S. Ct. 2739, 97 L. Ed. 2d 90 (1987), the U.S. Supreme Court found that no evidentiary hearing was required to address allegations of drug use by a juror. The Court cited the interest of protecting juror deliberations from intrusive inquiry along with recognition of the significant procedural safeguards in place to reveal any juror misconduct before a verdict is rendered.

*Stopher v. Commonwealth*, 2006 WL 3386641 at *6-7.

As conceded by the respondent and is clear from the record and the opinion of the Kentucky Supreme Court, Stopher fairly presented this claim to the highest court. *See Rudolph v. Parke*, 856 F.2d 738, 739 (6th Cir. 1988) (finding prisoner fairly presented issue to state court where issue was raised in a reply brief before the Kentucky Supreme Court and in a petition for rehearing before that court). It also is equally clear from the opinion above that the Kentucky Supreme Court did not invoke a procedural bar but considered the issue on the merits.

The respondent has not persuaded this court that Stopher has procedurally defaulted Ground Two. As such, the court will provisionally deny summary judgment as to this procedural-default contention.

### B. Ground Eight

As Ground Eight, Stopher claims that the Commonwealth suborned Bishop's perjury in violation of federal law (DN 40, pp. 86-92) (quoting *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)) for the proposition that procuring a prosecution by the deliberate use of false evidence is incompatible with "rudimentary demands of justice"). The respondent argues that Stopher admits in his amended petition that he did not raise this argument on direct appeal and, thus, has implicitly conceded procedural default.

It is undisputed that Stopher presented this issue of prosecutorial misconduct in his post-conviction appeal brief to the Kentucky Supreme Court (DN 74, App., Vol. 3, Doc. 9, pp. 36-38). The Kentucky Supreme Court addressed the claim as follows:

> Stopher argues that his conviction may rest on false or perjured testimony. He cites instances of prosecutorial misconduct, two involving the active suborning of perjury and one alleging that the prosecution subverted the truth-seeking process.
>
> False or perjured testimony is not a ground for relief under RCr 11.42. *Hargrove v. Commonwealth*, 396 S.W.2d 75 (Ky. 1965). Such testimony will not be grounds for relief even with an affidavit that dramatically contradicts the testimony at trial. *Fields v. Commonwealth*, 408 S.W.2d 638 (Ky.1966).
>
> The allegations regarding witness Bishop were raised on direct appeal. The trial judge here refused to reconsider the arguments because they had been the subject of a direct appeal which was rejected. This contention is the same as presented on direct appeal where Stopher accused the witness of acting as a government agent.

*Stopher v. Commonwealth*, 2006 WL 3386641 at *5.

Here, the court is not persuaded that Stopher procedurally defaulted this claim. On post-conviction review, the Kentucky Supreme Court concluded that the issue regarding Bishop's alleged perjury had already been raised and rejected on direct appeal. Thus, either Stopher fairly presented his claim on direct appeal[3] and the Kentucky Supreme Court addressed it, resulting in no procedural default, or Stopher addressed the issue for the first time on post-conviction review and the Kentucky Supreme Court erroneously determined that it had already been considered, also resulting in no procedural default. *See Cone v. Bell*, -- U.S. --, 129 S. Ct. 1769, 1781 (2009) ("When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does not indicate that the claim has been procedurally defaulted.").

For these reasons, the court does not find the respondent's procedural-default argument as to Ground Eight to be well taken and will provisionally deny the respondent's motion on this claim.

## C. Ground Nine

Stopher argues that the prosecution also suppressed impeachment evidence on Bishop in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Stopher contends that the prosecution did not tell the defense that Bishop was deal shopping when he allegedly spoke with Stopher.

The respondent states that Stopher did not raise any *Brady* argument relative to Bishop on direct appeal although he knew at the trial that Bishop had offered to testify in another murder case. Thus, claims the respondent, the issue is procedurally defaulted.

---

[3]Stopher maintains that the direct appeal attorneys could not make a proper claim for relief because making such a claim required extra-judicial evidence of Bishop's case files.

It is undisputed that the state-court record indicates that Stopher presented this *Brady* issue in his post-conviction appeal brief to the Kentucky Supreme Court (DN 74, App., Vol. 3, Doc. 9, pp. 38-40). Addressing the claim, the Kentucky Supreme Court held as follows:

> Stopher presents two issues where he claims that the prosecution did not provide evidence required pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In that case, the United States Supreme Court held that the federal due process clause required the state prosecution to disclose to defense counsel any evidence favorable to the defense. Failure to disclose such evidence is reversible error, however, only when there is a reasonable probability that had it been disclosed, the result would have been different. *United States v. Bagley*, 473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985). The evidence so presented must be favorable to the defendant. It must have been suppressed by the prosecution and there must be a showing of prejudice sufficient to establish a reasonable probability that the result would have been different. *See Strickler v. Greene*, 527 U.S. 263, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999).
>
> Here, Stopher claims that the prosecution deliberately withheld information regarding a witness named Bishop who had offered to testify against another person in an unrelated case. This matter was presented on direct appeal and as previously noted will not be reviewed simply because it is restated as a collateral attack. Stopher had full access to the record and the history of the witness. The prosecution did not engage in any *Brady* type misconduct.

*Stopher v. Commonwealth*, 2006 WL 3386641 at *3-4.

"When [as here] a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does not indicate that the claim has been procedurally defaulted." *Cone v. Bell*, 129 S. Ct. at 1781. "To the contrary, it provides strong evidence that the claim has already been given full consideration by the state courts and thus is *ripe* for federal adjudication." *Id.* (emphasis in original). Thus, because the Kentucky Supreme Court relied on the erroneous premise that it had already considered the instant claim on direct appeal, there is no procedural bar.

For these reasons, the court does not find the respondent's procedural-default argument as to Ground Nine to be well taken and will provisionally deny the respondent's motion for summary judgment on this claim.

### D. Ground Twelve

Stopher alleges that the prosecution subverted the truth-seeking process in regards to Porter's SSI records. Stopher maintains that he wanted to use Porter's SSI records as impeachment evidence. He reports that before both the trial court and the defense, the lead prosecutor advised that he would ask Porter to sign a release for his records. Stopher asserts, however, that in a sworn affidavit, Porter said that he would have signed a release for his SSI records if asked by the prosecution but that the lead prosecutor never asked.

The respondent argues that Stopher did not raise, on direct appeal, any issue relative to the SSI release but only complained that the prosecution brought Porter to the hearing but could not remember why he was supposed to be there. Therefore, claims the respondent, the issue was procedurally defaulted. He further argues that although Stopher "repackaged his direct appeal argument" in his RCr 11.42 motion and argued that the Commonwealth subverted the truth seeking process by not asking Porter if he would sign a release, this issue is still procedurally defaulted because issues which were, or could have been, raised on direct appeal may not be relitigated by merely repeating them as an RCr 11.42 basis for relief.

Stopher presented this argument in his post-conviction brief before the Kentucky Supreme Court (DN 74, App., Vol. 3, Doc. 9, pp. 40-43). The Kentucky Supreme Court, on post-conviction review, addressed the issue as follows:

> The prosecution did not subvert the truth seeking process regarding the Social Security records of Porter. This argument is similar to one made earlier in regard to

Porter and the records. We have reviewed this claim and find that there is no error. The Commonwealth, in its brief, classifies this as a possible prosecutorial misconduct claim but we find there is no error no matter how you consider it.

*Stopher v. Commonwealth*, 2006 WL 3386641 at *6.

Because Stopher fairly presented his argument to the Kentucky Supreme Court, which found no error, the court is not persuaded by the respondent's procedural-default argument relative to Ground Twelve and will provisionally deny any summary judgment on this claim.

### E. Ground Thirteen

Stopher claims that the prosecution suborned Powell's perjury. Powell, who was with Stopher on the day in question, testified that he received "nothing" in exchange for his testimony. Stopher claims that further investigation suggests that Powell actually received a benefit of not being prosecuted for a gun charge and of receiving money in exchange for testifying at Stopher's trial. Stopher, therefore, argues prosecutorial misconduct with respect to this inference of perjury, claiming either that the prosecution knew of the benefit or had a duty to learn of it.

The respondent reports that Stopher raised 61 issues of prosecutorial misconduct, including this issue, on direct appeal. He advises that the Kentucky Supreme Court addressed six of those claims thoroughly and that as to the remaining 56 claims, which includes the issue raised in Ground Thirteen, the Court found that they were "unpreserved, insubstantial or harmless." The respondent states that Stopher raised this issue again in his RCr 11.42 petition and that the Kentucky Supreme Court held that the issue had been raised on direct appeal and was not appropriate for RCr 11.42 review.

The respondent then goes on to argue that even if the issue were not raised on direct appeal, it could have been, and was not proper for RCr 11.42 review. Thus, contends the respondent, raising an issue procedurally defaulted on direct appeal in an RCr 11.42 petition does not provide cause to excuse the procedural default.

Stopher asserts that he did not raise this issue on direct appeal and could not have raised the issue on direct appeal because the issue relies entirely on extra-record evidence.

A review of Stopher's direct appeal brief reveals that he did not raise the issue regarding prosecutorial misconduct relative to Powell receiving leniency on another charge (DN 74, App., Vol. 3, Doc. 1, pp. 44-79). Stopher did raise the issue in his RCr 11.42/CR 60.02 petition (DN 74, App., Vol. 1, Pet., pp. 2459-2468) and in the related appeal before the Kentucky Supreme Court (DN 74, App., Vol. 3, Doc. 9, pp. 44-46). In addressing this claim, the Kentucky Supreme Court held as follows:

> Stopher presents two issues where he claims that the prosecution did not provide evidence required pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In that case, the United States Supreme Court held that the federal due process clause required the state prosecution to disclose to defense counsel any evidence favorable to the defense. Failure to disclose such evidence is reversible error, however, only when there is a reasonable probability that had it been disclosed, the result would have been different. *United States v. Bagley*, 473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985). The evidence so presented must be favorable to the defendant. It must have been suppressed by the prosecution and there must be a showing of prejudice sufficient to establish a reasonable probability that the result would have been different. *See Strickler v. Greene*, 527 U.S. 263, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999).

> Here, Stopher claims that the prosecution deliberately withheld information regarding a witness named Bishop who had offered to testify against another person in an unrelated case. This matter was presented on direct appeal and as previously noted will not be reviewed simply because it is restated as a collateral attack. Stopher had full access to the record and the history of the witness. The prosecution did not engage in any *Brady* type misconduct.

> Stopher next maintains a claim regarding information about a witness named Powell. This too was previously brought to the attention of this Court on direct appeal and is not now appropriate under RCr 11.42. There was no error when we first examined the merits of these claims and there is still no error at this time.

*Stopher v. Commonwealth*, 2006 WL 3386641 at *3-4.

"When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review." *Cone v. Bell*, 129 S. Ct. at 1781. Thus, because the Kentucky Supreme Court relied on the premise that it had already considered the instant claim related Powell, there is no procedural bar.

For these reasons, the court does not find the respondent's procedural-default argument as to Ground Thirteen to be well taken and will provisionally deny summary judgment as to this claim.

### F. Ground Fourteen

As Ground Fourteen, Stopher argues several instances of prosecutorial misconduct in violation of the Fourteenth Amendment. The respondent argues that one of these claims is procedurally defaulted. Specifically, the respondent argues that the claim is procedurally defaulted because, at trial, Stopher's counsel did not object when McGiveny testified that Stopher never struck anybody and the Commonwealth then asked her if she knew anything about specific dates of Stopher's previous acts of violence.

The record is undisputed that Stopher raised this argument in his direct appeal brief before the Kentucky Supreme Court (DN 74, App., Vol. 3, Doc. 1, pp. 67-70). On direct review, the Kentucky Supreme Court addressed this claim on the merits as follows:

> Appellant also takes issue with what he considers to be other injections of prior bad acts into evidence through the testimony of Jennifer McGiveny, Shawna Gritton, and Tina Anderson. However, a review of the witnesses' testimony reveals that the

> prosecutor was merely impeaching statements that Appellant had never been involved with drugs and could not intentionally commit murder. No prosecutorial misconduct in these instances occurred.

*Stopher v. Commonwealth*, 57 S.W.3d at 805.

The Kentucky Supreme Court addressed the merits of this claim without reference to any state procedural rule. Thus, the respondent has not demonstrated any procedural default with respect to Ground Fourteen, and the court will provisionally deny summary judgment as to this claim.

### G. Ground Seventeen

Stopher alleges that trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), in failing to counter the Commonwealth's evidence. Specifically, he claims that trial counsel should have invoked Ky. R. Evid. (KRE) 803(7) to have lack of interrogation records admitted as proof that he was too intoxicated at the police station to form a statement and sign his name.

The respondent alleges that before the trial court Stopher did not argue that KRE 803(7) should have been utilized. Relying on *Jacobs v. Mohr*, 265 F.3d 407 (6th Cir. 2001), the respondent argues that this claim is procedurally defaulted because Stopher may not present a different argument to the federal court than he presented to the trial court. *Jacobs* is inapposite. In *Jacobs*, the petitioner presented his ineffective-assistance-of-counsel claim to the trial court but did not continue to make his argument on appeal. Because the petitioner did not raise the argument before the appellate court, the Sixth Circuit determined that he had not "fairly presented" his Sixth Amendment claim.

Here, Stopher raised this claim in his RCr 11.42/CR 60.02 brief before the Kentucky Supreme Court (DN 74, App., Vol. 3, Doc. 9, pp. 51-53). *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."); *Rudolph v. Parke*, 856 at 739 (finding prisoner fairly presented issue to state court where issue was raised in a reply brief before the Kentucky Supreme Court and in a petition for rehearing before that court). Additionally, the Kentucky Supreme Court addressed the issue on the merits without reliance on any state procedural rule:

> Stopher contends that his defense counsel improperly failed to introduce evidence showing that there was a lack of interrogation records to demonstrate that he was too intoxicated to be questioned. Again, the value of this evidence is purely speculative. When examining allegations of ineffective cross-examination based solely on speculative statements, this Court has not indulged in second guessing trial counsel. *See Taylor, supra*. A careful examination of the record demonstrates that defense counsel employed a technically sound trial strategy in cross-examining the police witnesses. The trial judge correctly determined that Stopher did not present specific facts to justify relief in this proceeding. *See Lucas v. Commonwealth*, 465 S.W.2d 267 (Ky. 1971).

*Stopher v. Commonwealth*, 2006 WL 3386641 at *3.

The respondent does not persuade this court that Ground Seventeen has been procedurally defaulted. The court will, therefore, provisionally deny summary judgment as to this claim of procedural default.

### H.  Ground Nineteen

Stopher argues that trial counsel was ineffective for failing to obtain Porter's SSI records. The respondent claims that this issue is procedurally defaulted. The respondent contends that on direct appeal Stopher argued that the trial court erred in not requiring Porter to sign a release so that Stopher could obtain his SSI records and that he repackaged the argument in his RCr 11.42

motion as an ineffective-assistance-of-counsel claim. The respondent contends that because the substantive issue had been raised on direct appeal, the Kentucky Supreme Court held on collateral review that it had been procedurally defaulted.

"Ineffective assistance of counsel claims in Kentucky are appropriately raised for the first time on collateral review, rather than on direct review." *Hodge v. Haeberlin*, 579 F.3d 627, 643 (6th Cir. 2009) (citing *Humphrey v. Kentucky*, 962 S.W.2d 870, 872 (Ky. 1998)). Stopher raised his claim of ineffective assistance of counsel with respect to Porter's SSI records in his RCr 11.42/CR 60.02 appellate brief (DN 74, App., Vol. 3, Doc. 9, pp. 43-44). In addressing this claim the Kentucky Supreme Court held as follows:

> Stopher complains that his counsel was ineffective for failing to obtain a release in order to be able to present a witness named Porter's social security disability records. That very same issue was previously addressed by this Court and found to be without merit. *Stopher, supra*. It is well settled that one cannot convert an issue presented on direct appeal into a claim for ineffective assistance of counsel in order to relitigate the issue as a collateral attack. *Hodge, supra*. The argument presented here is insufficient to establish any ineffective assistance of counsel. There was no error when this Court addressed this issue previously and we remain convinced of that decision now. There was no error.

*Stopher v. Commonwealth*, 2006 WL 3386641 at *3.

"Where a state bars collateral review of a claim actually preserved by the petitioner, such bar will not constitute procedural default on federal review." *Hodge v. Haeberlin*, 579 F.3d at 643. Moreover, the Kentucky Supreme Court went on to actually determine on the merits that Stopher's argument was insufficient to establish ineffective assistance of counsel.

Thus, the respondent has not made a showing that Stopher procedurally defaulted Ground Nineteen, and the court will provisionally deny summary judgment as to this claim.

### *I. Ground Twenty-Two*

Finally, Stopher alleges that his trial counsel was ineffective in the penalty phase due to a failure to present mitigation evidence. The respondent alleges a partial procedural default as to this claim. The respondent states that in Stopher's RCr 11.42/CR 60.02 brief before the Kentucky Supreme Court, Stopher presented a two-page argument concerning three potential mitigation witnesses - Anderson, Hayden, and Michelle Byler. The respondent asserts that Stopher has improperly expanded this argument by adding fourteen witnesses, and argues that any arguments concerning the fourteen additional mitigation witnesses have been procedurally defaulted.

Stopher raised the instant ineffective-assistance-of-counsel claim in his RCr 11.42/CR 60.02 brief before the Kentucky Supreme Court (DN 74, App., Vol. 3, Doc. 9, pp. 53-54). Therein, Stopher argued:

> Although some mitigation evidence was presented, a myriad of additional mitigation evidence including the testimony of a broad cross-section of the community in which Vince had grown up, testimony of people who saw him on that fateful March morning (see Claims 2 and 3, supra) and testimony of the people who could relate the individual life experiences and observations of Vince throughout his entire life would have told the jury who Appellant [sic].
>
> Some of those witnesses include:
>
> **a. Judy Anderson** . . . . PC [Post-Conviction] Exh. 76.
> **b. Frank Hayden** . . . . PC Exh. 79.
> **c. Michelle Byler** . . . . .PC Exh. 80.
>
> **<u>See</u> <u>also</u> all collected Affidavits of available mitigation witnesses PC Exhs. 57, 59, 60, 68-83.**
>
> Each of the witnesses counsel did not find and did not present had a story to tell about Vincent Stopher. Had the jury heard the available evidence, there is a reasonable probability that at least one juror would have decided against a death sentence. . . .

(DN 74, App., Vol. 3, Doc. 9, pp. 53-54) (first emphasis (as to a., b., and c.) in original; second emphasis added).  Thus, even though Stopher's brief only mentioned three witnesses by name, the record on appeal included the affidavits from all seventeen witnesses.

On collateral review, the Kentucky Supreme Court found:

> Stopher alleges that his counsel was ineffective because of a failure to present three witnesses in mitigation during the penalty phase of the trial.  Stopher believes that three long-time acquaintances of his would have been able to convince the jury that the person who killed the deputy was an outstanding member of the community.  This is an issue that was originally presented on direct appeal and is merely disguised as a new issue for the purposes of RCr 11.42.  There is no error.

*Stopher v. Commonwealth*, 2006 WL 3386641 at *3.

The Kentucky Supreme Court's failure to mention the affidavits of the additional fourteen witnesses in its opinion is of no consequence in analyzing the procedural-default issue here.  Stopher fairly presented his ineffective-assistance-of-counsel claim with respect to all seventeen witnesses to the Kentucky Supreme Court.  Thus, the claim was exhausted in its entirety.  Further, like the preceding claim, because the Kentucky Supreme Court bars collateral review of a claim repackaged as an ineffective assistance claim, no procedural default has occurred.  *See Hodge v. Haeberlin*, 579 F.3d at 643 ("Where a state bars collateral review of a claim actually preserved by the petitioner, such bar will not constitute procedural default on federal review.").

For these reasons, the court is not persuaded that the respondent's procedural-default argument with respect to Ground Twenty-Two is meritorious and will provisionally deny summary judgment with respect to this claim.

**IV.**

For the reasons set forth above, and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the respondent's motion for summary judgment on

the basis of procedural default (DN 66) is **PROVISIONALLY DENIED** and that the motion for

summary judgment (DN 66) is **REMANDED** from the court's active docket without prejudice.

Date:

cc:     Counsel of record
        Petitioner
4412.44AN.005