UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**[CAPITAL CASE]**

**VINCENT C. STOPHER**                                                                                   **PETITIONER**

v.                                                                          **CIVIL ACTION NO. 3:08-CV-9-DJH-CHL**

**THOMAS L. SIMPSON**                                                                                  **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion for an evidentiary hearing on various claims raised in his petition. He asks for an evidentiary hearing regarding claims 2, 8-13, a part of claim 14, 15-20, and 22 (DN 115). In addition, Petitioner asks for a deposition of second-chair trial counsel and references possible evidence in the files undergoing *in camera* review. Respondent has filed his response (DN 121), and Petitioner has replied (DN 122). The matter being ripe, the Court will grant in part and deny in part Petitioner's motion for the following reasons.

*Standard for granting evidentiary hearing*

In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court explained the limits imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) on the authority of federal courts to grant writs of habeas corpus to state prisoners. *Pinholster*, 563 U.S. at 181. One of those limits is that when a claim is "'adjudicated on the merits in State court proceedings,'" *id.* (quoting 28 U.S.C. § 2254(d)), habeas relief may be granted only if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court found that review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181.

However, "[i]f, after reviewing the . . . state court record, th[e] Court determines that any of the claims adjudicated by the state court were based on an unreasonable determination of the facts, § 2254(d) deference would not apply and new evidence can be considered." *Caudill v. Conover*, 871 F. Supp. 2d 639, 647 (E.D. Ky. 2012). In other words, if a claim was not decided on the merits, then *Pinholster*'s limit on expanding the record is not a problem. However, the Court still must consider several factors before granting an evidentiary hearing.

First, the Court must consider whether Petitioner failed to develop the facts in state court. 28 U.S.C. § 2254(e)(2) ("If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows [certain exceptions]"). Section 2254(e)(2)'s phrase "failed to develop" implies some "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). The Supreme Court has defined a petitioner's diligence as "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful." *Id*. at 435. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437.

Second, even if Petitioner was diligent in attempting to develop the facts in state court, the decision of whether to hold an evidentiary hearing is within the discretion of this Court. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). The Supreme Court has instructed the

reviewing court to "consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id*. at 474. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Additionally, "bald assertions and conclusory allegations [by the petitioner as to why he wants a hearing] do not provide sufficient grounds to warrant requiring . . . an evidentiary hearing." *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (internal quotation marks and citation omitted). In other words, even in death penalty cases, non-specific assertions or conclusory allegations will not carry the petitioner's burden to establish the necessity for an evidentiary hearing. *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003).

With these standards in mind, the Court now turns to the merits of Petitioner's motion.

### *Merits of Petitioner's Motion for an Evidentiary Hearing*

**Claims 8, 13, and 22**

This Court already provisionally decided that three of the claims which are included in Petitioner's motion for an evidentiary hearing have not been decided on the merits by the state court and were not procedurally defaulted – claims 8, 13, and 22. *See* DN 75. The Court sees no reason to alter its prior determination that these claims were not procedurally defaulted.

Because these three claims were not decided on the merits, *Pinholster* presents no bar to an evidentiary hearing in this Court. Moreover, Petitioner did not fail to develop the facts in state court. Petitioner filed a motion for evidentiary hearing in state-court post-conviction proceedings. State Court Record A1_2878-2910 (DN 80, #4). This request was denied. State Court Record A1_3137 (DN 80, #4). Petitioner appealed this denial to the Kentucky Supreme Court. State Court Record A1_911-12 (Pet'r's Post-Conviction Br., pp. 15-16, 50, DN 80, #10).

3

The Kentucky Supreme Court affirmed. *Stopher v. Commonwealth*, No. 2005-SC-0371-MR, 2006 WL 3386641, at *7 (Ky. Nov. 22, 2006).

However, as explained above, before the Court may grant Petitioner's motion for evidentiary hearing, Petitioner still must demonstrate the necessity for such a hearing. *Bowling*, 344 F.3d at 512.

*Claim 8*

In claim 8, Petitioner argues that witness-for-the-prosecution Ernest Bishop lied at trial about not having received anything other than a transfer to Indiana for testifying against Petitioner and that, because the prosecutor for Petitioner's case and Bishop's case was the same, the prosecutor necessarily knew that Bishop had committed perjury. DN 40, pp. 87-88. His motion points out that in the trial court, Christopher Polk, Bishop's attorney, "testified in avowal that [Bishop's] six year plea bargain was contingent upon the detectives and the prosecutor being satisfied with Bishop's testimony." DN 115, p. 6. (citing Transcript of Evidence (TE) 2373, Sealed Avowal Tape, 2/9/98, 15:41:43).

An evidentiary hearing is not required on issues that can be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc). In making the determination of whether an evidentiary hearing is necessary, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Zimmerman v. Davis*, 683 F. Supp. 2d 523, 532 (E.D. Mich. 2010) (internal quotation marks and citations omitted).

Petitioner's evidentiary-hearing motion does not explain what additional evidence he wants to present or what it would prove. He already placed into evidence in the state court Bishop's attorney's testimony that the six-year plea bargain Bishop received was contingent

4

upon testimony against Petitioner. Because Petitioner has not shown how an evidentiary hearing in this Court would advance this claim, the motion as to this claim will be denied.

*Claim 13*

This claim is one of prosecutorial misconduct related to Commonwealth's witness Kevin Powell. Powell was called by the prosecution as a rebuttal witness. He testified that he ingested the same acid that Petitioner had and that it did not result in a "bad trip." On post-conviction, Powell signed an affidavit that at trial he was not asked the right question to elicit the truthful response that both he and Petitioner were extremely "high" from the acid. Powell testified at trial that he got nothing for his testimony. TE 1947. However, on post-conviction, Powell's ex-cellmate stated that Powell had told him that Powell avoided prosecution and even got paid to testify against Petitioner. DN 115, p. 18 (citing Appendix (Apx.) I 2915, Post-Conviction (PC) Exh. 12). On post-conviction, Petitioner argued that Powell, who was on parole, avoided a felony gun charge three months after Petitioner shot Deputy Hans. On post-conviction, defense counsel attempted to speak to Powell's parole officer about the circumstances of the parole revocation. Although it is not entirely clear from the motion, Petitioner presumably wants to call Powell's parole officer who refused to speak to Petitioner's post-conviction counsel about the circumstances of Powell's parole revocation without an attorney present.

Petitioner also states that the following would be helpful to his case if such exists in the *in camera* documents: any notes of interviews with or about Powell or any indication that the prosecution knew about Powell prior to trial (because Powell was supposedly a late-known witness). Petitioner also points to, as an example, possible notes of interviews with Powell's cousin Selesia Hamilton in the *in camera* documents which might pertain to this claim. Finally, Petitioner points out that, if the prosecution had records in its files pertaining to Powell's non-

arrest or his parole revocation, such records should have been turned over to defense counsel. The Court's review of the *in camera* documents does not reveal any documents fitting these descriptions.

Upon consideration, the Court will grant Petitioner's request for a hearing pertaining to claim 13 to call Powell's parole officer as a witness.

*Claim 22*

In claim 22, Petitioner alleges ineffective assistance of trial counsel because counsel did not conduct a thorough background check of Petitioner's life. This claim was not procedurally defaulted and was not decided on the merits.

In his motion for evidentiary hearing, DN 115, p. 54, Petitioner seems to suggest that deposing second-chair counsel could settle issues of deficient performance. Respondent simply asserts that because the claim was adjudicated on the merits, Petitioner is not entitled to an evidentiary hearing. DN 121, p.17.

As already discussed, this Court has determined that this claim was not decided on the merits. Therefore, Petitioner's request to depose second-chair counsel on this issue will be granted.

**Claims 9, 11, 12, 16, 18, and 19**

These claims were decided on the merits by the state court. But even assuming that Petitioner could show that the state court decision as to these claims was either an unreasonable application of clearly established federal law determined by the Supreme Court or an unreasonable determination of the facts, his requests for an evidentiary hearing on these claims are simply conclusory and do not provide sufficient grounds to warrant an evidentiary hearing. For these claims, Petitioner does not explain what additional evidence would be adduced. For

example, with regard to claim 9, Petitioner simply states, "Review of this claim is not limited to the state court record." DN 115, p. 9. With regard to claim 11, Petitioner simply asserts that "an evidentiary hearing is necessary." *Id*. at 16. For claim 16, he asserts that he is entitled to a hearing at which he can prove his assertions, *id*. at 37, but he does not explain what additional proof would be available at such a hearing. For claim 18, Petitioner argues that this Court should grant an evidentiary hearing but again does not say what witness(es) he would call at such a hearing. *Id*. at 40. Consequently, his motion as to these claims will be denied. *See Washington v. Renico*, 455 F.3d at 733; *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (holding in a § 2254 case, the Sixth Circuit "will not find that a district court erred by denying a fishing expedition masquerading as discovery").

**Claim 20**

Claim 20 is Petitioner's claim that trial counsel rendered ineffective assistance when they did not discover the Commonwealth's rebuttal witness's (Kevin Powell's) readily available criminal record showing that Powell escaped a gun charge even though he was a persistent felon in the first degree. DN 40, p. 154. In the motion for evidentiary hearing, Petitioner does not explain what evidence he wishes to adduce at a hearing regarding claim 20. However, in a footnote in his motion regarding claim 13, Petitioner refers to a request in his petition for an evidentiary hearing regarding counsel's performance in investigating and confronting Powell. DN 115, p. 17 n.3 (citing DN 40, pp. 154-55).

> In deciding this claim, the Kentucky Supreme Court held as follows:
>
> Stopher argues that his trial counsel did not adequately investigate or present his defense in that he did not obtain the criminal record of Powell. He claims that it was error on the part of his counsel not to obtain Powell's 1997 misdemeanor charges or determine the reason why Powell had his parole revoked. Stopher believes that this information would have persuaded the jury to reach a different verdict. Powell testified in an orange prison jumpsuit. The trial judge correctly

7

> concluded that the jury could effectively weigh his credibility. We find no reason to disturb such a conclusion. The failure of counsel to present marginally useful evidence did not change the outcome of this trial. Stopher received a fair trial and this error, even if it was error, is totally insufficient to require any reversal.

*Stopher v. Commonwealth*, 2006 WL 3386641, at *3.

"To establish ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable." *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Both prongs of the test must be met, but if any one prong fails to establish ineffective assistance, [the Court] need not conduct an analysis under both." *Fears v. Bagley*, 462 F. App'x 565, 573 (6th Cir. 2012). "[W]hen a state court decision relies only on one prong, the cases mandate AEDPA deference to that prong and de novo consideration of the unadjudicated prong." *Rayner v. Mills*, 685 F.3d 631, 639 (6th Cir. 2012).

Here, it appears that the Kentucky Supreme Court decided the second prong of the *Strickland* analysis, *i.e.*, prejudice, on the merits, but did not decide the first prong, *i.e.*, whether counsel's performance was deficient.

The Court has already determined that second-chair trial counsel may be deposed regarding claim 22 (see above). The Court will therefore authorize second-chair trial counsel to be deposed about trial counsel's performance with regard to investigating Powell. However, whether the Court will consider that testimony will be contingent on a finding that the state court's determination on the merits of this claim was unreasonable.

**Claim 2**

In this claim, Petitioner states that, after his trial, Juror 479 came forward to assert that she had learned mid-trial that she had come in contact with the victim prior to his death; that this

previous encounter impacted her verdict; and that, but for that encounter, she would have voted against Petitioner having committing intentional murder. Petitioner submitted Juror 479's affidavit to this effect. This claim was considered on the merits by the Kentucky Supreme Court. In his motion for evidentiary hearing, Petitioner asks for a hearing to call the witness, Juror 479, from whom he already has an affidavit.[1] However, even if, for purposes of considering the request for evidentiary hearing, the Court assumes that the Kentucky Supreme Court's ruling is contrary to or an unreasonable application of clearly established federal law, no hearing is necessary.

Juror 479's affidavit avers that she had a prior encounter with the victim and that: "Without the prior encounter with the Deputy, I would not have voted to convict Mr. Stopher of intentional murder. I would have believed that he was under the influence of drugs." Thus, through her affidavit, the juror has already testified that she was influenced by this extra-judicial contact and that it prompted her to convict Petitioner, whereas absent remembering that contact, she would not have voted that way. Had her affidavit only averred that she remembered her prior contact with the victim in mid-trial and made no statement as to the effect that memory had on her vote, a hearing would be appropriate. Here, however, the state court record already contains her explanation of the effect on her vote. Therefore, no evidentiary hearing is necessary.

**Claim 10**

In this claim, Petitioner argues that his constitutional rights were violated by the Commonwealth's use of Bishop's testimony after he was placed in a cell next to Petitioner as a

---

[1] In his motion, Petitioner asserts: "If her testimony remains consistent with her affidavit, Petitioner will demonstrate that the juror's consideration of this extrajudicial information made the difference in this juror voting to convict Mr. Stopher of intentional murder and resulting in a death verdict." DN 55, p. 55.

government agent. This claim was decided on the merits by the state court. At trial, the prosecution called Bishop, the jailhouse informant housed in a Jefferson County Jail cell near Petitioner's, to testify that Petitioner confessed to him while he was a pretrial detainee that he intentionally murdered the victim. Before trial, a hearing was conducted in state court on the defense's motion to suppress the alleged statements of Petitioner. Louisville Police Detective Keifer testified at that hearing that: Bishop was never instructed nor enlisted by the Louisville Police Department to obtain statements from Petitioner; Bishop was not paid; and the Louisville Police Department did not seek Bishop out. TE 390, Exh. Tape, 11/9/97, 16:42:30-16:43:16.

On direct appeal, Petitioner argued that his constitutional rights were violated by the Commonwealth's use of Bishop's testimony after he was placed in a cell next to Petitioner as a government agent. DN 80, #10, pp. 97-101. The Kentucky Supreme Court held as follows:

> We also find no error in the trial court's denial of Appellant's motion to suppress Bishop's testimony on the grounds that Appellant's Sixth Amendment rights were violated when Bishop acted as governmental agent in soliciting statements from Appellant. There is absolutely no evidence that the prosecutor or any other agent of the Commonwealth induced Bishop to talk to Appellant or listen to his bragging about the murder of Deputy Hans. The testimony at trial indicated that Appellant had volunteered all information to Bishop. While Bishop was certainly familiar with the penal system, and had evidently acted as a jailhouse informant in the past, he was not acting as a governmental agent and did not induce Appellant to incriminate himself.

*Stopher v. Commonwealth*, 57 S.W.3d at 801.

In his petition, Petitioner argues that by the time Bishop was housed next to him, Petitioner already had notified the trial court that he intended to assert his Fifth Amendment right to remain silent and his Sixth Amendment right to counsel. DN 40, p. 96. He asserts that there is "an enormous question" as to why Bishop was housed in the maximum security unit next to him, and that even if the Commonwealth placed him there merely to be attentive to statements made by Petitioner, reversal is warranted. *Id.* at 97. However, Petitioner acknowledges in the

10

petition that, given the evidence available, the Kentucky Supreme Court's application of *Massiah v. United States*, 377 U.S. 201, 206 (1964), and other cases to deny this claim is not unreasonable. *Id*. at 98. He states that he brings this claim because otherwise he may lose the ability to do so in the future. *Id*. Petitioner also states that he intends to develop this claim further during the pendency of this action, but does not explain how. *Id*.

In response to the petition, Respondent argues that Petitioner has offered only innuendo and no evidence that Bishop was a government agent. DN 45, p. 77. Respondent asserts that the Kentucky courts found that Bishop was not a state agent, which is a finding of fact that must be presumed correct. *Id*. at 78-79. Petitioner offers no reply, except to say that "he has asked for discovery which may illuminate this claim." DN 5, p. 12.

In contrast to the petition, in his motion for an evidentiary hearing, Petitioner states that the state court denied this claim on the merits but argues that this Court's review is not limited to the state court record because the state court decision is an unreasonable application of clearly established federal law. He argues: "The state [c]ourt decided Stopher's rights under the Sixth Amendment were not violated because the government did not induce the jailhouse informant to talk. However, the court addressed the wrong question. The issue is **not** whether the informant was induced to talk, but whether Stopher was." DN 115, pp. 10-11 (emphasis in original). He does not mention *Massiah* in the context of this claim in his motion for an evidentiary hearing.

The Court finds that this new argument in the motion for an evidentiary hearing, which is contradictory to Petitioner's original argument, is not well taken.

> In *Massiah v. United States*, 377 U.S. 201, 206 (1964), the Supreme Court held that the Sixth Amendment prohibits the government from deliberately eliciting incriminating statements from an accused once the right to counsel has attached. In *United States v. Henry*, 447 U.S. 264, 273 (1980), the Supreme Court held that *Massiah* applied to the use of jailhouse informants. Thus, to establish a Sixth Amendment violation under *Massiah* and *Henry*, the petitioner must demonstrate

> that the government took some action that was designed to deliberately elicit incriminating remarks. *See, e.g.*, *Alexander v. Smith*, 311 F. App'x 875, 886-87 (6th Cir. 2009); *Massiah*, 377 U.S. at 72-73; *Henry*, 447 U.S. at 273. To be clear, the petitioner must do more than demonstrate that an informant voluntarily reported incriminating remarks uttered by the petitioner. *See, e.g.*, *Kuhlman[n] v. Wilson*, 477 U.S. 436, 459 (1986); *Alexander*, 311 F. App'x at 887.

*Conway v. Houk*, No. 2:07-CV-947, 2011 WL 6849096, at *6 (S.D. Ohio Dec. 29, 2011).

Here, Petitioner's argument in his motion for evidentiary hearing, unlike his original argument in his petition, ignores the fact that the Kentucky Supreme Court held that "[t]he testimony at trial indicated that Appellant had volunteered all information to Bishop." *Stopher v. Commonwealth*, 57 S.W.3d at 801.

The Court agrees with Petitioner's assertion in his petition that, given the evidence before the state court, the state court's decision was not an unreasonable application of *Massiah*. *See* DN 40, p. 98. As the Supreme Court held in *Kuhlmann v. Wilson*, a defendant does not demonstrate a violation of the Sixth Amendment "simply by showing that an informant, either through prior arrangement or voluntarily, reported his incriminating statements to the police. Rather, the defendant must demonstrate that the police and their informant took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks." *Kuhlmann v. Wilson*, 477 U.S. at 459. Because the state court's decision was not unreasonable, no hearing is authorized. Moreover, Petitioner's motion only refers to potential evidence contained in the *in camera* prosecutorial files and does not request an evidentiary hearing. DN 115, p. 11. The motion as to this claim will be denied.

**Claim 14**

In Claim 14, Petitioner argues that his constitutional rights were violated when the prosecutor made improper comments. With respect to this claim, Petitioner states that he wishes to call Trooper Stricklin at an evidentiary hearing and refers to potential evidence in the *in*

*camera* files. The claim as it involves Trooper Stricklin has to do with the prosecutor's questioning of Petitioner's brother about whether he knew of a prior assault by Petitioner on a state trooper. DN 40, p. 125 (citing TE 1596; Tape 8, 2/10/98, 9:44:14). Defense's motion for a mistrial was denied.

On direct appeal, the Kentucky Supreme Court concluded that the prosecutor had asked the question in good faith because he had documentation showing that Petitioner had been arrested for the offense.

> Appellant's first claim of misconduct concerns the cross-examination of his brother, John Stopher, about Appellant's prior arrest for assaulting a police officer. In fact, such charge had been dismissed. However, the prosecutor had the documentation indicating that Appellant had been arrested for such offense, and we conclude that the question was asked in good faith.

*Stopher v. Commonwealth*, 57 S.W.3d at 805. Thus, the Kentucky Supreme Court did not base its decision on what the prosecutor knew from Trooper Stricklin about the charge against Petitioner concerning the assault on Trooper Stricklin. Because the state court's decision on this issue was not unreasonable, no hearing is warranted. The motion will be denied as to this claim.

**Claims 15 and 17**

In claim 15, Petitioner argues the ineffective assistance of trial counsel in failing to use his complete medical records. He refers to potential evidence in the *in camera* files and deposition of second-chair trial counsel. In claim 17, Petitioner argues that trial counsel were ineffective for not exposing that the police hid Petitioner's intoxication during the time he was at the police station before he was taken to the hospital. He states that he wishes to depose second-chair trial counsel and possibly call police officers at an evidentiary hearing. He also refers to the potentiality of evidence in the *in camera* files.

These claims were decided on the merits by the state court. However, because the Court is allowing deposition of second-chair counsel on other issues, the Court will allow second-chair counsel to be deposed on these issues as well. However, whether the Court will consider that testimony will be contingent on a finding that the state court's determination on these claims was unreasonable.

*Order*

For the foregoing reasons,

**IT IS ORDERED** that the motion with regard to claims 2, 8-12, 14, 16, and 18-19 is **DENIED**.

**IT IS FURTHER ORDERED** that the motion with regard to claims 13, 15, 17, 20, and 22 is **GRANTED** in the following manner: for claim 13, to call Powell's parole officer as a witness at a hearing; for claim 15, deposition of second-chair trial counsel regarding counsel's performance in failing to use Petitioner's complete medical records; for claim 17, deposition of second-chair trial counsel regarding counsel's performance in relation to Petitioner's time at the police station before being transported to the emergency room; for claim 20, deposition of second-chair trial counsel regarding counsel's performance in investigating Powell's criminal record; and for claim 22, deposition of second-chair trial counsel regarding counsel's performance in conducting a background check of Petitioner's life.

Date:

cc:     Counsel of record
44A5.009