UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VINCENT C. STOPHER     Petitioner

v.     Civil Action No. 3:08-cv-9-RGJ-CHL

SCOTT JORDAN, WARDEN     Respondent

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Vincent C. Stopher's ("Stopher") objections [DE 126] to Magistrate Judge Colin Lindsay's Memorandum Opinion and Order ("MOO") [DE 123] on Stopher's motion for an evidentiary hearing. The Respondent, Scott Jordan, the Warden of the Kentucky State Penitentiary ("Warden"), did not respond. This matter is ripe. For the reasons below, Stopher's objections [DE 126] are premature and thus **DENIED** without prejudice.

### I.     BACKGROUND

A jury in Jefferson County, Kentucky convicted Stopher of murdering a Jefferson County Deputy Sherriff. *Stopher v. Com.*, 57 S.W.3d 787, 793 (Ky. 2001), *as amended* (Aug. 15, 2001). Stopher was also convicted of wanton endangerment, four counts of third-degree assault, and pleaded guilty to being second-degree persistent felony offender. *Id.* Stopher was sentenced to death on the murder count.[1] *Id.*

The Kentucky Supreme Court summarized the facts in the case in its opinion affirming Stopher's convictions and sentence on direct appeal:

> On March 10, 1997, Deputy Hans responded to a call made to the Louisville Police Department concerning a disturbance at Appellant's home. When Deputy Hans arrived at the location, Appellant approached the police cruiser and began striking Hans. Deputy Hans attempted to defend himself but Appellant pinned him to the seat of the cruiser with the result that Deputy Hans' left hand and arm were trapped

---

[1] He was also sentenced to five years' imprisonment on the count of wanton endangerment and two years' imprisonment on each of the counts of assault. *Stopher*, 57 S.W.3d at 793.

> beneath his body. Appellant unholstered Deputy Hans' handgun, pressed the barrel of the gun into Hans' face, and pulled the trigger. Immediately thereafter, Appellant got out of the police cruiser and pointed the gun at a witness, Steve Porter. Porter, afraid he was about to be shot, dropped to his knees and raised his hands. Appellant pulled the trigger, however, the gun jammed and would not fire. At this time, other officers arrived on the scene and apprehended Appellant. Witnesses stated that Appellant was enraged and shouted that he hoped the officer had died. Four officers were required to wrestle Appellant to the ground and handcuff him. While the officers were struggling with Appellant, he grabbed another officer's weapon and attempted to fire it.
>
> Following an extensive and highly publicized trial, Appellant was found guilty of intentional murder and was sentenced to death.

*Id.* Stopher made thirty-three allegations of error on direct appeal, which the Kentucky Supreme Court categorized into eight sections: (1) pretrial issues; (2) jury issues; (3) witness issues; (4) evidentiary issues; (5) (jury) instructions; (6) prosecutorial misconduct; (7) miscellaneous issues; and (8) proportionality review. *Id.* at 173-808. The Kentucky Supreme Court addressed each of Stopher's arguments in its opinion affirming his conviction and sentence. *Id.* Two justices dissented on part of court's ruling on jury and witness issues. *Id.* at 808–820. In 2002, the United States Supreme Court denied Stopher's petition for certiorari. *Stopher v. Kentucky*, 535 U.S. 1059 (2002).

Stopher subsequently challenged his convictions in state court, which motions "[t]he circuit judge denied [] after almost three years of continued attempts to amend the various motions. . . based on evidence in the record. No evidentiary hearing was conducted." *Stopher*, 57 S.W.3d 787. Stopher appealed this decision to the Kentucky Supreme Court, where it was upheld. *Id.* at 7. The Kentucky Supreme Court considered ineffective assistance of counsel, prosecutorial misconduct, juror bias, denial of requested discovery, and cumulative error. *Id.* at 1. Stopher again filed writ of certiorari with the United States Supreme Court, which it again denied. *Stopher v. Kentucky*, 552 U.S. 850 (2007).

Stopher, by counsel, filed a Petition with this Court for a Writ of Habeas Corpus challenging his conviction and sentence under 28 U.S.C. § 2254. [DE 9]. The Warden opposed the Petition, [DE 45], and Stopher replied. [DE 51].

The Court referred this matter to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) & (B), for appropriate hearings, if necessary; for rulings on all non-dispositive motions; and for findings of fact and recommendations on any dispositive matters. [DE 106]. In accordance with this order, Magistrate Judge Lindsay issued an order setting deadlines for a motion for an evidentiary hearing and/or to depose second chair trial counsel, response, and reply. [DE 107]. Under Judge Lindsay's order, Stopher moved for an evidentiary hearing and to depose second chair counsel. [DE 115]. Judge Lindsay issued the MOO granting in part and denying in part Stopher's motion. [DE 123]. Stopher, through counsel, objected to the MOO on fifteen separate grounds. [DE 126].

## II.     **DISCUSSION**

The MOO was issued pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). § 636(b)(1)(A) authorizes the referral of nondispositive matters. On these matters, a district judge may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* § 636(b)(1)(B) authorizes referral of dispositive matters, in which the magistrate judge provides a recommended disposition to the district court. § 636(b)(1)(C). Dispositive motions, such as motions for summary judgment or the suppression of evidence, are reviewed under a de novo standard. *Id. See also* Fed. R. Civ. P. 72(b)(1)-(2).

This referral to the Magistrate Judge constitutes a referral of a dispositive matter under § 636(b)(1)(B), which authorizes a district judge to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings

3

of fact and recommendations for the disposition . . . of application for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B).

"Interlocutory rulings made by a magistrate judge in a § 2254 proceeding referred pursuant to § 636(b)(1)(b)," such as Magistrate Judge Lindsay's interlocutory evidentiary hearing order in this case, "are not subject to immediate review by the district court." *Barnes v. Taylor*, No. CIV. 09-299-GFVT, 2011 WL 1885403, at *2 (E.D. Ky. May 17, 2011). "Neither § 636(b)(1) nor Federal Rule of Civil Procedure 72(b) prescribes procedures for interlocutory appeals of orders issued by magistrate judges in habeas corpus proceedings referred for a recommended disposition." *Id.* Rule 72 suggests there is no interlocutory review so that a record is created for the district court's review along with the recommended disposition:

> A magistrate judge must promptly conduct the required proceedings when assigned . . . a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact.

Thus, Magistrate Judge Lindsay's interlocutory ruling on the scope of the evidentiary hearing is only subject to this Court's review on an objection filed after Magistrate Judge Lindsay has made his report and recommendation on the disposition of the case. At that time, Stopher may file his objections.

Additionally, allowing interlocutory appeals would frustrate the entire purpose of referring the case, while preventing interlocutory appeals is consistent with the purpose of the magistrate act. *See Magee v. Rowland*, 764 F. Supp. 1375, 1376 (C.D. Cal. 1991) ([i]f discovery orders in such proceedings were subject to interlocutory review by the district court, other interlocutory rulings. . . all would be subject to interlocutory review by the district court); *and McCarthy v.*

*Bronson*, 500 U.S. 136, 142 (1991) (Congress's "central purpose" for amending the Magistrate's Act in 1976 "was to authorize greater use of magistrates to assist federal judges in handling an ever-increasing caseload.").

### III.     CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Stopher's objections [DE 126] to the Magistrate Judge's Memorandum Opinion and Order are **DENIED without prejudice**.

*Rebecca Grady Jennings, District Judge*
United States District Court

June 23, 2022

cc: Counsel of Record

5