**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:08-CV-00009-RGJ-CHL**

**VINCENT C. STOPHER,**                                                   **Petitioner,**

**v.**

**WARDEN SCOTT JORDAN,**                                             **Respondent.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Kentucky prisoner Vincent Stopher ("Stopher") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence of death (the "Petition"). (DNs 9, 40.)[1]  This matter is referred to the undersigned for rulings on all non-dispositive motions and findings of fact, conclusions of law, and recommendations on any dispositive matter.  (DN 106.)  Now before the Court are Stopher's Motion to Expand the Record Pursuant to Rule 7 (DN 148) and Second Motion for Discovery (DN 149).  Warden Scott Jordan (the "Warden") filed a combined response in opposition, and Stopher filed an omnibus reply.  (DNs 157, 164.)  Therefore, the motions are ripe for review.

**I.       BACKGROUND**

**A.       Factual and Procedural History**

The facts underlying Stopher's conviction and sentence are recounted in the Kentucky Supreme Court's decision on direct appeal:

> Appellant, Vincent Stopher, was convicted in the Jefferson Circuit Court for the murder of Jefferson County Deputy Sheriff Gregory Hans, and sentenced to death. Appellant was also convicted and sentenced to five years for one count of wanton endangerment, and two years each for four counts of third-degree assault

---

[1] The record contains both Stopher's initial Petition (DN 9) and Amended Petition (DN 40).  Because the two are virtually identical and the amended petition merely adds citations to the transcript of the underlying proceedings and the Appendix provided by the Warden, the undersigned will cite only to the Amended Petition (DN 40) herein.

on police officers. Appellant pled guilty to being a second-degree persistent felony offender.

On March 10, 1997, Deputy Hans responded to a call made to the Louisville Police Department concerning a disturbance at Appellant's home. When Deputy Hans arrived at the location, Appellant approached the police cruiser and began striking Hans. Deputy Hans attempted to defend himself but Appellant pinned him to the seat of the cruiser with the result that Deputy Hans' left hand and arm were trapped beneath his body. Appellant unholstered Deputy Hans' handgun, pressed the barrel of the gun into Hans' face, and pulled the trigger. Immediately thereafter, Appellant got out of the police cruiser and pointed the gun at a witness, Steve Porter. Porter, afraid he was about to be shot, dropped to his knees and raised his hands. Appellant pulled the trigger, however, the gun jammed and would not fire. At this time, other officers arrived on the scene and apprehended Appellant. Witnesses stated that Appellant was enraged and shouted that he hoped the officer had died. Four officers were required to wrestle Appellant to the ground and handcuff him. While the officers were struggling with Appellant, he grabbed another officer's weapon and attempted to fire it.

Following an extensive and highly publicized trial, Appellant was found guilty of intentional murder and was sentenced to death.

*Stopher v. Commonwealth*, 57 S.W.3d 787, 793 (Ky. 2001), as amended (Aug. 15, 2001).

Stopher's Petition asserted twenty-five claims for relief, including seven claims of ineffective assistance of counsel.  The general topic of each claim is summarized as follows:

(1)     improper excusal of jurors 354 and 400

(2)     juror 479 based her decision on extra-judicial evidence

(3)     judicial recusal

(4)     limits on cross-examination of Steve Porter

(5)     impeachment of Steve Porter

(6)     limits on testimony of defense expert Dr. Michael Evans

(7)     impeachment of Ernest Bishop

(8)     prosecutorial misconduct through subornation of Ernest Bishop's perjury

(9)     prosecutorial misconduct through suppression of impeachment evidence on Ernest Bishop

(10)     Ernest Bishop was an agent of the Commonwealth

(11)     prosecutorial misconduct through subornation of Selesia Hamilton's perjury

(12)      prosecutorial misconduct through subversion of the truth-seeking process regarding Steve Porter's social security records

(13)      prosecutorial misconduct related to Kevin Powell

(14)(a)    prosecutorial misconduct at trial through the prosecutor's personal attacks against opposing counsel

(14)(b)    prosecutorial misconduct at trial through improper comments by the prosecutor regarding evidence outside the record

(14)(c)    prosecutorial misconduct at trial when the prosecutor improperly expressed his personal opinion

(14)(d)    prosecutorial misconduct at trial through the prosecutor's misstatements of fact

(15)      ineffective assistance of counsel due to failure to utilize medical records

(16)      ineffective assistance of counsel due to failure to present intoxication witnesses

(17)      ineffective assistance of counsel due to failure to counter the state's evidence

(18)      ineffective assistance of counsel due to failure to call Michael Snodgrass as a witness

(19)      ineffective assistance of counsel due to failure to obtain Steve Porter's social security records

(20)      ineffective assistance of counsel due to failure to investigate and obtain Kevin Powell's criminal record

(21)      limitations on testimony at penalty phase

(22)      ineffective assistance of counsel due to ineffective investigation and presentation of mitigation evidence

(23)      erroneous penalty phase instructions

(24)      Kentucky's disproportionality review is unconstitutional

(25)      cumulative error

(DN 40.)  While the Warden largely responded to Stopher's various claims on their merits, he also argued that Claims 2, 8, 9, 12, 13, 14(b), 17, 19, and 22 were fully or partially subject to procedural default and that any errors as to Claims 7- 9 and 13 were harmless.[2]  (DN 45.)

---

[2] The Warden's response included a conclusory assertion of harmless error as to each of Stopher's claims, but he included a substantive argument regarding harmless error only in his response to Grounds 7- 9 and 13.  (DN 45.)

At the request of the Court and to assist in addressing Stopher's request for discovery, the Warden filed a motion for summary judgment seeking a ruling from the Court on the issue of procedural default.  (DNs 66, 67.)  United States Magistrate Judge James D. Moyer then issued an opinion provisionally denying the Warden's motion for summary judgment on the basis of procedural default finding that Stopher's Claims 2, 8, 9, 12, 13 14(b), 17, 19, and 22 were not procedurally defaulted.[3]   (DN 75.)   Having provisionally ruled that those claims were not procedurally defaulted, the Court proceeded to address the merits of Stopher's first request for discovery.

Stopher sought both discovery and an evidentiary hearing regarding his Claims 2, 8-20, and 22.  (DNs  21, 22.)  As to Claims 8-14 and 17, Stopher sought files from the Jefferson County Commonwealth Attorney regarding himself, Ernest Bishop, and George Bryant and files from the Louisville Metro Police Department regarding himself and Kevin Powell.  (DN 22, at PageID # 735-39.)  As to Claims 15-16, 18-20, and 22, Stopher sought leave to take the deposition of his lead trial counsel, Vince Yustas ("Yustas").  (*Id.* at 739-41.)  The Court granted in part Stopher's request for discovery in so far as it directed production of the Commonwealth Attorney and Louisville Metro Police Department files for an *in camera* review by this Court.  (DN 91.)  It denied without prejudice his request to depose Yustas as the Court had been advised Yustas had passed away while the motion and these proceedings were pending.  (*Id.*)  It also denied without prejudice Stopher's request for an evidentiary hearing given Stopher's representation that the same would be premature until completion of any discovery the Court permitted.  (*Id.*)

After it completed its *in camera* review of the documents that had been produced, the Court held that none of the documents produced should be provided to Stopher.  (DN 107.)  The Court

---

[3] Judge Moyer's opinion noted that his denial was provisional and did not constitute his final report and recommendation.  (DN 75, at PageID # 837, 857.)

ordered Stopher to file a new motion for evidentiary hearing and to clarify therein whether Stopher requested leave to take the deposition of his second-chair trial counsel in light of his lead counsel's death.  (*Id.*)  In his responsive motion, Stopher renewed his request for an evidentiary hearing as to Claims 2, 8-20, and 22 and requested leave to depose his second-chair trial counsel, James Gibson.  (DN 115.)  The undersigned granted in part and denied in part Stopher's motion and addressed in claim-by-claim fashion the propriety of an evidentiary hearing and/or the deposition Stopher requested.  (DN 123.)  The undersigned denied Stopher's request for an evidentiary hearing as to Claims 2, 8-12, 14, 16, 18, and 19.  (*Id.*)  The undersigned granted Stopher's request to depose his second-chair trial counsel as to Claims 15, 17, 20, and 22.  (*Id.*)  But as to Claims 15, 17, and 20, the undersigned noted that because those claims had been decided on the merits by the Kentucky Supreme Court, the undersigned would only be able to consider the deposition testimony if he first found that the Kentucky Supreme Court's determination of the merits was unreasonable.  (*Id.*)  The undersigned granted the request for an evidentiary hearing in so far as he would permit Stopher to call Kevin Powell's parole officer as a witness to testify regarding Stopher's Claim 13.  (*Id.*)  Stopher objected to the undersigned's order, and the Court later overruled/denied without prejudice his objection, stating that his objections were premature until the undersigned had issued a report and recommendation for the overall disposition of Stopher's Petition.  (DNs 126, 138.)

The Court then held a status conference to assess necessary next steps in this matter at which the Parties advised that they needed to proceed with the deposition and that the witness proposed to testify at the evidentiary hearing had died.  (DN 140.)  The Court directed the Parties to confer and file a proposed schedule for next steps in this matter, and the Parties proposed deadlines for the Parties to complete the discovery previously authorized and file post-discovery

motions.  (*Id.*; DN 143.)  The Court adopted their proposal.  (DN 144.)  The Parties took the deposition of Stopher's second-chair trial counsel, and the instant motions followed.  (DNs 148, 149.)

>    **B.      The Instant Motions**

Stopher filed a Motion to Expand the Record Pursuant to Habeas Rule 7 (DN 148) and a Second Motion for Discovery (DN 149).  In his Motion to Expand, Stopher requested leave to expand the record to include the deposition of his second-chair trial counsel, James Gibson, and the exhibits to the same.  (*Id.*)  He separately filed the exhibits and the transcript in the record.  (DNs 147, 161.)  He argued that expanding the record to include the transcript would assist the Court in making "certain preliminary determinations which must be made in the Court's eventual determination as to the scope of the evidentiary hearing that it has ordered in this case, and eventually on the merits of the Petition."  (DN 148, at PageID # 22688.)  In his Second Motion for Discovery, he requested that the Court "permit him to pursue other means to obtain evidence that might have been presented to [Kevin Powell's Parole Officer,] Rochelle Douglas[,] including any files in possession of the Kentucky Department of Probation and Parole, District 19 (Louisville) and the Jefferson County Probation Department (Louisville) relating [to] Kevin Powell's arrest and parole revocation on August 4, 1997, due to Powell's possession of a handgun."  (DN 149, at PageID # 22699.)  He argued that since the Court has already determined an evidentiary hearing on his Claim 13 is appropriate, discovery is appropriate for the same reason.  (*Id.* at 22700-01.)

The Warden filed a combined response to both motions in which he argued that the Court should not only deny Stopher's motions but should also not conduct any additional proceedings and instead issue an expeditious decision on the merits of Stopher's claims.  (DN 157.)  In support, the Warden first argued that all of Stopher's claims had been decided on the merits by the Kentucky

Supreme Court, including Claims 13 and 22, noting that he objected to the Court's prior determination to the contrary. (*Id.* at 22797-815.) In the alternative, the Warden argued that since Stopher's Claims 13, 15, 17, 20, and 22 were meritless, no further discovery or expansion of the record was warranted. (*Id.* at 22817-59.)

In his reply, Stopher emphasized that the Warden's response largely asks the Court to overrule previous preliminary rulings without addressing the substance of the relief Stopher requested. (DN 164.) Stopher then spent the balance of his response countering section-heading-by-section-heading the Warden's arguments as to the merits of his claims. (*Compare id.* at 23131-35, *with id.* at 23135-64.)

These matters are ripe for review.

## II.    DISCUSSION

### A.    Motion to Expand the Record Pursuant to Rule 7 (DN 148)

Stopher requested that the Court expand the record to include the deposition transcript and exhibits used during the deposition of his second-chair trial counsel, James Gibson (the "Gibson deposition"). (DN 148.) As set forth above, the Court permitted the Gibson deposition to go forward concerning Stopher's Claims 15, 17, 20, and 22. (DN 123.) Only the Court's consideration of those claims is implicated by any expansion of the record.

Rule 7(a) of the Rules Governing Section 2254 Cases provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." As the notes to the 2004 amendments to the rule explain, expansion of the record is not appropriate only for issues related to the overall merits of a petitioner's claim; instead "a court may wish to expand the record in order to assist it in deciding an issue other the merits of the petition." Rule 7, 2004 amendment note; *see also Moore v. Mitchell*, 708 F.3d 760,

784 (6th Cir. 2013) ("[E]xpansion of the record does not necessarily require that the district court consider that evidence in evaluating the merits of the habeas claim."). Here, the Court finds that expansion of the record with the Gibson deposition is appropriate with a qualification as to the purposes for which the Court will consider the deposition testimony at issue.

First, where a petitioner's claims were adjudicated by a state court on the merits, 28 U.S.C. § 2254, as amended in the Antiterrorism and Effective Death Penalty Act of 1996, provides relief from a state conviction if the petition satisfies one of the following conditions:

> the [state court's] adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Regardless of whether the court reviews a petitioner's claims pursuant to Section 2254(d)(1) or (2), the court is generally confined in its review to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181-182 (2011); *Keeling v. Warden*, 673 F.3d 452, 464 (6th Cir. 2012); *Sanders v. Curtin*, 529 F. App'x 506, 517 n.5 (6th Cir. 2013).  "[O]nly rarely may a federal habeas court hear a claim or consider evidence that a prisoner did not previously present to the state courts in compliance with state procedural rules." *Shinn v. Ramirez*, 596 U.S. 366, 375-76 (2022).  Thus, to the extent that Stopher's claims were decided on the merits, the Court will not review or rely on the Gibson deposition absent a finding that either § 2254(d)(1) or (2) is satisfied.  The Court previously found that Stopher's Claims 15, 17, and 20 were decided on the merits by the Kentucky Supreme Court, and therefore, the Court will only consider the Gibson deposition if the Kentucky Supreme Court's

decision as to those claims was contrary to or unreasonably applied clearly established Federal law or was based on an unreasonable determination of the facts in the state court record.

Second, even as to claims not decided on the merits, a habeas petitioner still must satisfy 28 U.S.C. § 2254(e)(2) before a federal court can consider new evidence in deciding a habeas petition. 28 U.S.C. § 2254(e)(2) provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>> (A) the claim relies on—
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "This provision controls even if the petitioner seeks relief based on new evidence without an evidentiary hearing." *King v. Westbrooks*, 847 F.3d 788, 799 (6th Cir. 2017) (citing *Holland v. Jackson*, 542 U.S. 649, 653 (2004)). Section 2254(e)(2)'s phrase "failed to develop" implies some "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). The Supreme Court has defined a petitioner's diligence as "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful." *Id*. at 435. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437. This analysis is potentially relevant only to Claim 22 of Stopher's Petition. But this Court previously held that Stopher did not fail to develop the factual basis of Claim 22 given

9

that he requested an evidentiary hearing in state postconviction proceedings and his request was denied.  (DN 123.)  Thus, this Court can and will expand the record and consider the Gibson deposition for the purpose of assessing both the merits of and whether to hold an evidentiary hearing on Stopher's Claim 22.

### B.    Second Motion for Discovery (DN 149)

Stopher also requested that the Court allow him to subpoena certain records to substitute for the testimony the Court previously held it would permit him to present at an evidentiary hearing regarding his Claim 13.  (DN 149.)  In addressing Stopher's Motion for Evidentiary Hearing (DN 115), the Court summarized Claim 13 as follows:

> This claim is one of prosecutorial misconduct related to Commonwealth's witness Kevin Powell. Powell was called by the prosecution as a rebuttal witness. He testified that he ingested the same acid that Petitioner had and that it did not result in a "bad trip." On post-conviction, Powell signed an affidavit that at trial he was not asked the right question to elicit the truthful response that both he and Petitioner were extremely "high" from the acid. Powell testified at trial that he got nothing for his testimony. TE 1947. However, on post-conviction, Powell's ex-cellmate stated that Powell had told him that Powell avoided prosecution and even got paid to testify against Petitioner. DN 115, p. 18 (citing Appendix (Apx.) I 2915, Post-Conviction (PC) Exh. 12). On post-conviction, Petitioner argued that Powell, who was on parole, avoided a felony gun charge three months after Petitioner shot Deputy Hans. On post-conviction, defense counsel attempted to speak to Powell's parole officer about the circumstances of the parole revocation. Although it is not entirely clear from the motion, Petitioner presumably wants to call Powell's parole officer who refused to speak to Petitioner's post-conviction counsel about the circumstances of Powell's parole revocation without an attorney present.

(DN 123, at PageID # 22480.)  The Court granted Stopher's motion in so far as it would permit him to call Powell's parole officer as a witness at a hearing on Claim 13.  (*Id.* at 22481.)

Whether to grant discovery is a separate question from whether to grant an evidentiary hearing.  "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause

shown grants leave" to conduct discovery.  Rule 6, Rules Governing Section 2254 Cases.  To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief.  *Bracy*, 520 U.S. at 908-09.  The burden is on the petitioner to establish the materiality of the requested discovery.  *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).  Here, as the Court has already made a preliminary determination that Stopher's Claim 13 was not decided on the merits by the Kentucky Supreme Court, the Court is not limited to the state court record in deciding it.  Likewise, as the Court has already preliminarily determined that Stopher did not fail to develop the factual basis of his claims in state court proceedings, 28 U.S.C. § 2254(e)(2) does not bar the discovery he seeks.

The only remaining question before this Court then is whether Stopher has shown good cause to conduct discovery.  Stopher argued that the discovery he now seeks is merely a substitute for the testimony the Court had previously indicated it would permit given that Powell's parole officer has died and is unavailable to testify.  Because the Court previously ruled that Stopher could present testimony from Powell's parole officer at an evidentiary hearing, the Court likewise concludes that permitting Stopher to take limited discovery as a substitute for the now-deceased officer's testimony is appropriate.  In particular, Stopher may subpoena files in the possession of the Kentucky Department of Probation and Parole and/or the Jefferson County Probation Department regarding Kevin Powell's arrest and parole revocation on August 4, 1997.

### C.     Next Steps

The only remaining issue for this Court to address at this time is the next steps in this action.  The Parties have different positions on this issue.  The Warden believes the Court should simply proceed to ruling on the merits of Stopher's Petition.  (DN 157.)  In his Second Motion for

Discovery, Stopher proposed that the Court allow him to take his proposed discovery, allow him to submit an amended petition incorporating any new factual allegations obtained in discovery, and then determine whether to grant an evidentiary hearing before deciding the merits of the Petition.  (DN 149, at PageID # 22698.)  The Court finds neither proposed approach fully responsive to the procedural posture of this case.

Stopher's Petition is fully briefed.  (DNs 9, 40, 51.)  The Court permitted the Gibson deposition to go forward and ruled herein on Stopher's request to expand the record to include the transcript of that deposition.  Stopher did not request an evidentiary hearing regarding his Claims 1, 3-7, 21, 23-25, and the Court denied his request for an evidentiary hearing as to his Claims 2, 8-12, 14, 16, and 18-19.  (DNs 21, 22, 115, 123.)  As set forth herein, because Stopher's Claims 15, 17, and 20 were decided on the merits, the Court is limited to the record before the state court unless and until the Court concludes that the Kentucky Supreme Court's decision as to those claims was contrary to or unreasonably applied clearly established Federal law or was based on an unreasonable determination of the facts in the state court record.  No evidentiary hearing on those claims is appropriate at this stage.  This leaves only Stopher's Claims 13 and 22.  Accordingly, the Court will grant Stopher sixty days to complete the discovery permitted in the instant memorandum opinion and order.  After Stopher completes that discovery, Stopher shall file a supplemental brief regarding whether an evidentiary hearing is appropriate or necessary as to Claims 13 and 22, including—if and where appropriate—citations to any documents produced in discovery and/or the Gibson deposition.  Response and reply deadlines are prescribed below.[4] Thereafter, the Court will decide whether to proceed with any evidentiary hearing.

---

[4] The Court directs the Parties to limit their briefing to new arguments not previously raised before this Court.  In particular, the Warden need not reassert at length his position that Claims 13 and 22 were decided by the Kentucky Supreme Court on the merits.  The Warden's position on this issue is well documented in this record, but the Court has already made a preliminary determination that the Kentucky Supreme Court did not address the merits of Stopher's

Given this procedural posture and the very limited nature of the additions to the factual record to date, the Court sees no need for Stopher to file an amended Petition. The Court will readdress any such need at a later date and prior to taking up the merits of Stopher's Petition.

## III.   ORDER

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1)   Stopher's Motion to Expand the Record (DN 148) is **GRANTED** subject to the limitations set forth herein.

(2)   Stopher's Second Motion for Discovery (DN 149) is **GRANTED**. Stopher may subpoena files in the possession of the Kentucky Department of Probation and Parole and/or the Jefferson County Probation Department regarding Kevin Powell's arrest and parole revocation on August 4, 1997.

(3)   Stopher shall complete the discovery permitted in Paragraph 2 above on or before **May 21, 2024**.

(4)   On or before **June 21, 2024**, Stopher shall file a limited supplemental brief regarding whether an evidentiary hearing is appropriate and/or necessary as to his Claims 13 and 22. The Warden's response shall be due on or before **July 12, 2024**, and Stopher's reply shall be due on or before **July 26, 2024**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

March 22, 2024

---

Claims 13 and 22. The undersigned will not readdress this preliminary determination until it is time to issue a report and recommendation regarding the merits of Stopher's Petition at which point he will be able to rely on the Warden's prior briefing for the Warden's position on the issue.