# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:08-CV-00009-RGJ-CHL

**VINCENT STOPHER**                                                                                 **PETITIONER**

**v.**                             **MOTION TO QUASH**

**LAURA PLAPPERT**                                                                 **RESPONDENT**

---

Comes now the Department of Corrections, Division of Probation and Parole, by counsel, for the limited purpose stated herein, and respectfully requests this Honorable Court to quash the subpoena served upon Probation and Parole employee Dan Fountain. (Exhibit A). The subpoena commands Mr. Fountain to produce the "Probation/parole file and all documents for Kevin Dewayne Powell." The Division of Probation and Parole seeks an Order from this Court pursuant to FRCP 45(d)(3) quashing the subpoena because compliance would be contrary to Kentucky law.

Probation and Parole records are privileged as applicable Kentucky law states that "All information obtained in the discharge of official duty by any probation or parole officer shall be privileged and shall not be received as evidence in any court." KRS 439.510. See also *United States v. Easterling*, 986 F.2d 1423 (6th Cir. 1993). KRS 439.510 goes on to prohibit disclosure "to any person other than the court, board, cabinet, or others entitled under KRS 439.250 to 439.560 to receive such information, unless otherwise ordered by such court, board, or cabinet." *See* KRS 439.510. Therefore, KRS 439.510 prohibits Probation and Parole employees from disclosing the Probation and Parole records sought in the Subpoena. The records sought by the Petitioner cannot be disclosed merely on the basis of a Subpoena without violating KRS 439.510 and risking the penalties imposed under KRS 439.990.

WHEREFORE, the Movant requests an Order quashing the Subpoena served on Probation and Parole employee Dan Fountain.

Counsel for the Movant is aware of the Memorandum Opinion and Order entered on March 22, 2024 permitting the Petitioner to subpoena files in the possession of Probation and Parole. However, it is unclear whether the Court was aware of the prohibitions contained in KRS 439.510 when that Order was entered and whether that Order was intended to order Probation and Parole to disclose the records as required by KRS 439.510. Nevertheless, the March 22, 2024 Order limited the Petitioner to requesting files in the possession of Probation and Parole "regarding Kevin Powell's arrest and parole revocation on August 4, 1997." (DN 165, PageID#: 23176). The subpoena served on Mr. Fountain goes well beyond that and requests the entire Probation and Parole file as well as any other documents for Kevin Powell. (Exhibit A).

WHEREFORE, in the alternative, the Movant requests an order limiting the subpoena to only those documents in the possession of Probation and Parole related to Kevin Powell's arrest and parole revocation on August 4, 1997.

Respectfully submitted,

*/s/ Allison R. Brown*

ALLISON R. BROWN (#91510)
DEPARTMENT OF CORRECTIONS
Office of Legal Services
P.O. Box 2400
Frankfort, Kentucky  40602-2400
Phone:  (502) 564-4726 Ext. 22336
Fax:  (502) 564-5037
E-Mail: allison.brown@ky.gov
COUNSEL FOR DEPARTMENT OF CORRECTIONS

## **CERTIFICATION**

      I hereby certify that on April 19, 2024, I electronically filed this document with the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                                         */s/ Allison R. Brown*
                                                         COUNSEL FOR DEPARTMENT OF CORRECTIONS