UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:08-CV-00009-RGJ-CHL

**VINCENT C. STOPHER,**                                                                                    **Petitioner,**

**v.**

**WARDEN SCOTT JORDAN,**                                               **Respondent.**

**MEMORANDUM OPINION AND ORDER**

Kentucky prisoner Vincent Stopher ("Stopher") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence of death (the "Petition"). (DNs 9, 40.)[1] This matter is referred to the undersigned for rulings on all non-dispositive motions and findings of fact, conclusions of law, and recommendations on any dispositive matter. (DN 106.) Now before the Court are Stopher's Second Motion to Expand the Record Pursuant to Habeas Rule 7 (DN 174), Stopher's Motion to Seal (DN 175), Stopher's Renewed Motion for Evidentiary Hearing and Discovery (DN 177), and Stopher's Motion to Amend his Petition (DN 178). Warden Scott Jordan (the "Warden") filed a combined response in opposition, and Stopher filed an omnibus reply. (DNs 179, 180.) Therefore, the motions are ripe for review.

**I.      BACKGROUND**

      **A.      Factual and Procedural History[2]**

The facts underlying Stopher's conviction and sentence are recounted in the Kentucky Supreme Court's decision on direct appeal:

---

[1] The record contains both Stopher's initial Petition (DN 9) and Amended Petition (DN 40). Because the two are virtually identical and the amended petition merely adds citations to the transcript of the underlying proceedings and the Appendix provided by the Warden, the undersigned will cite only to the Amended Petition (DN 40) herein.
[2] While much of this background was previously set out in the Court's March 22, 2024, Memorandum Opinion and Order (DN 165), given the overlap between the motions at issue there and the instant motions, the Court finds repetition of the relevant background verbatim appropriate.

Appellant, Vincent Stopher, was convicted in the Jefferson Circuit Court for the murder of Jefferson County Deputy Sheriff Gregory Hans, and sentenced to death. Appellant was also convicted and sentenced to five years for one count of wanton endangerment, and two years each for four counts of third-degree assault on police officers. Appellant pled guilty to being a second-degree persistent felony offender.

On March 10, 1997, Deputy Hans responded to a call made to the Louisville Police Department concerning a disturbance at Appellant's home. When Deputy Hans arrived at the location, Appellant approached the police cruiser and began striking Hans. Deputy Hans attempted to defend himself but Appellant pinned him to the seat of the cruiser with the result that Deputy Hans' left hand and arm were trapped beneath his body. Appellant unholstered Deputy Hans' handgun, pressed the barrel of the gun into Hans' face, and pulled the trigger. Immediately thereafter, Appellant got out of the police cruiser and pointed the gun at a witness, Steve Porter. Porter, afraid he was about to be shot, dropped to his knees and raised his hands. Appellant pulled the trigger, however, the gun jammed and would not fire. At this time, other officers arrived on the scene and apprehended Appellant. Witnesses stated that Appellant was enraged and shouted that he hoped the officer had died. Four officers were required to wrestle Appellant to the ground and handcuff him. While the officers were struggling with Appellant, he grabbed another officer's weapon and attempted to fire it.

Following an extensive and highly publicized trial, Appellant was found guilty of intentional murder and was sentenced to death.

*Stopher v. Commonwealth*, 57 S.W.3d 787, 793 (Ky. 2001), as amended (Aug. 15, 2001). Stopher's Petition asserted twenty-five claims for relief, including seven claims of ineffective assistance of counsel. The general topic of each claim is summarized as follows:

(1) improper excusal of jurors 354 and 400

(2) juror 479 based her decision on extra-judicial evidence

(3) judicial recusal

(4) limits on cross-examination of Steve Porter

(5) impeachment of Steve Porter

(6) limits on testimony of defense expert Dr. Michael Evans

(7) impeachment of Ernest Bishop

(8) prosecutorial misconduct through subornation of Ernest Bishop's perjury

(9) prosecutorial misconduct through suppression of impeachment evidence on Ernest Bishop

2

| | |
|---|---|
| (10) | Ernest Bishop was an agent of the Commonwealth |
| (11) | prosecutorial misconduct through subornation of Selesia Hamilton's perjury |
| (12) | prosecutorial misconduct through subversion of the truth-seeking process regarding Steve Porter's social security records |
| (13) | prosecutorial misconduct related to Kevin Powell |
| (14)(a) | prosecutorial misconduct at trial through the prosecutor's personal attacks against opposing counsel |
| (14)(b) | prosecutorial misconduct at trial through improper comments by the prosecutor regarding evidence outside the record |
| (14)(c) | prosecutorial misconduct at trial when the prosecutor improperly expressed his personal opinion |
| (14)(d) | prosecutorial misconduct at trial through the prosecutor's misstatements of fact |
| (15) | ineffective assistance of counsel due to failure to utilize medical records |
| (16) | ineffective assistance of counsel due to failure to present intoxication witnesses |
| (17) | ineffective assistance of counsel due to failure to counter the state's evidence |
| (18) | ineffective assistance of counsel due to failure to call Michael Snodgrass as a witness |
| (19) | ineffective assistance of counsel due to failure to obtain Steve Porter's social security records |
| (20) | ineffective assistance of counsel due to failure to investigate and obtain Kevin Powell's criminal record |
| (21) | limitations on testimony at penalty phase |
| (22) | ineffective assistance of counsel due to ineffective investigation and presentation of mitigation evidence |
| (23) | erroneous penalty phase instructions |
| (24) | Kentucky's disproportionality review is unconstitutional |
| (25) | cumulative error |

(DN 40.) While the Warden largely responded to Stopher's various claims on their merits, he also argued that Claims 2, 8, 9, 12, 13, 14(b), 17, 19, and 22 were fully or partially subject to procedural default and that any errors as to Claims 7- 9 and 13 were harmless.[3] (DN 45.)

At the request of the Court and to assist in addressing Stopher's request for discovery, the Warden filed a motion for summary judgment seeking a ruling from the Court on the issue of procedural default. (DNs 66, 67.) United States Magistrate Judge James D. Moyer then issued an opinion provisionally denying the Warden's motion for summary judgment on the basis of procedural default finding that Stopher's Claims 2, 8, 9, 12, 13 14(b), 17, 19, and 22 were not procedurally defaulted.[4] (DN 75.) Having provisionally ruled that those claims were not procedurally defaulted, the Court proceeded to address the merits of Stopher's first request for discovery.

Stopher sought both discovery and an evidentiary hearing regarding his Claims 2, 8-20, and 22. (DNs 21, 22.) As to Claims 8-14 and 17, Stopher sought files from the Jefferson County Commonwealth Attorney regarding himself, Ernest Bishop, and George Bryant and files from the Louisville Metro Police Department regarding himself and Kevin Powell. (DN 22, at PageID # 735-39.) As to Claims 15-16, 18-20, and 22, Stopher sought leave to take the deposition of his lead trial counsel, Vince Yustas ("Yustas"). (*Id.* at 739-41.) The Court granted in part Stopher's request for discovery in so far as it directed production of the Commonwealth Attorney and Louisville Metro Police Department files for an *in camera* review by this Court. (DN 91.) It denied without prejudice his request to depose Yustas as the Court had been advised Yustas had passed away while the motion and these proceedings were pending. (*Id.*) It also denied without

---

[3] The Warden's response included a conclusory assertion of harmless error as to each of Stopher's claims, but he included a substantive argument regarding harmless error only in his response to Grounds 7- 9 and 13. (DN 45.)
[4] Judge Moyer's opinion noted that his denial was provisional and did not constitute his final report and recommendation. (DN 75, at PageID # 837, 857.)

4

prejudice Stopher's request for an evidentiary hearing given Stopher's representation that the same would be premature until completion of any discovery the Court permitted. (*Id.*)

After it completed its *in camera* review of the documents that had been produced, the Court held that none of the documents produced should be provided to Stopher. (DN 107.) The Court ordered Stopher to file a new motion for evidentiary hearing and to clarify therein whether Stopher requested leave to take the deposition of his second-chair trial counsel in light of his lead counsel's death. (*Id.*) In his responsive motion, Stopher renewed his request for an evidentiary hearing as to Claims 2, 8-20, and 22 and requested leave to depose his second-chair trial counsel, James Gibson ("Gibson"). (DN 115.) The undersigned granted in part and denied in part Stopher's motion and addressed in claim-by-claim fashion the propriety of an evidentiary hearing and/or the deposition Stopher requested. (DN 123.) The undersigned denied Stopher's request for an evidentiary hearing as to Claims 2, 8-12, 14, 16, 18, and 19. (*Id.*) The undersigned granted Stopher's request to depose his second-chair trial counsel as to Claims 15, 17, 20, and 22. (*Id.*) But as to Claims 15, 17, and 20, the undersigned noted that because those claims had been decided on the merits by the Kentucky Supreme Court, the undersigned would only be able to consider the deposition testimony if he first found that the Kentucky Supreme Court's determination of the merits was unreasonable. (*Id.*) The undersigned granted the request for an evidentiary hearing in so far as he would permit Stopher to call Kevin Powell's parole officer as a witness to testify regarding Stopher's Claim 13. (*Id.*) Stopher objected to the undersigned's order, and the Court later overruled/denied without prejudice his objection, stating that his objections were premature until the undersigned had issued a report and recommendation for the overall disposition of Stopher's Petition. (DNs 126, 138.)

5

After completing some additional discovery, including the deposition of Stopher's second-chair trial counsel, Gibson, Stopher filed a Motion to Expand the Record (DN 148) and a Second Motion for Discovery (DN 149). The Court granted Stopher's request to expand the record to include the transcript of his counsel's deposition with certain qualifications on the purposes for which that transcript would be utilized. (DN 165.) Specifically, the Court noted that "to the extent that Stopher's claims were decided on the merits, the Court will not review or rely on the Gibson deposition absent a finding that either § 2254(d)(1) or (2) is satisfied." (*Id.* at PageID # 23173.) Further, the Court emphasized that even as to claims not decided on the merits, the Court would not consider the transcript absent a finding that § 2254(e)(2) was satisfied. (*Id.* at 23174.) As to Stopher's request to subpoena certain information as a substitute for the testimony of Powell's parole officer, who had died, the Court granted that motion. (*Id.* at 23175-76.) The Court set deadlines for the Parties to complete the authorized discovery and file supplemental briefs, which the Court limited to solely addressing "whether an evidentiary hearing is appropriate and/or necessary as to [Stopher's] Claims 13 and 22." (*Id.* at 23178.) The instant motions followed. (DNs 174, 175, 177, 178.)

**B.     The Instant Motions**

Stopher filed four motions. First, Stopher requested that the record be expanded to include the materials produced by the Kentucky Department of Corrections, Division of Probation and Parole because the records are a substitute for the testimony of Powell's parole officer, Rochelle Douglas, who the Court previously indicated it would allow to testify at an evidentiary hearing but who had passed away during the pendency of this matter. (DN 174.) Second, Stopher moved to seal those records because they are presumptively confidential pursuant to KRS § 439.510. (DN 175.) Third, Stopher filed a renewed motion for evidentiary hearing and discovery in which he

argued that while there was no need for an evidentiary hearing to allow his deposed counsel to testify live or to supplement the probation records Stopher wanted admitted to the record, the Court should allow him to either take depositions of or call at an evidentiary hearing Nurse Michelle Whelan and certain Louisville police officers to testify regarding his Claims 15 and 17. (DN 177.) Fourth and finally, Stopher moved for leave to amend his habeas petition to add factual support for his claims and citations to the evidence he obtained in discovery. (DN 178.)

The Warden filed a combined response to all motions opposing all the relief requested except Stopher's motion to seal, which he conceded requested appropriate relief should the Court allow expansion of the record. (DN 179.) In particular, the Warden opposed Stopher's request for additional factual development of his Claims 15 and 17, arguing that his request fell outside what the Court directed the Parties to address and that any development is unnecessary. The Warden also proffered some additional new case law from the Sixth Circuit for the Court to consider in its reassessment of whether Stopher's claims were decided on the merits by the Kentucky Supreme Court. Ultimately, the Warden argued that this matter was finally ripe for a recommendation on the merits and urged the Court to issue one "without delay." (*Id.* at PageID # 23463.)

In his reply, Stopher largely disputed the Warden's reading of the new case law cited in the response and repeated his prior requests for relief. (DN 180.)

These matters are ripe for review.

## II.   DISCUSSION

### A.   Second Motion to Expand the Record Pursuant to Rule 7 (DN 174)

Stopher requested that the Court expand the record to include the materials produced by the Kentucky Department of Corrections, Division of Probation and Parole (hereinafter "parole

7

records"), which he filed provisionally under seal. (DNs 174, 176.) The Court previously granted Stopher's motion for an evidentiary hearing on his Claim 13 and ruled that it would permit Kevin Powell's parole officer to testify at an evidentiary hearing. (DN 123, at PageID # 22478-81.) However, the Court was subsequently informed that the witness had died. (DN 140.) Accordingly, the Court granted Stopher's request to subpoena certain information from the Kentucky Department of Corrections, Division of Probation and Parole as a substitute for the testimony of the deceased witness. (DN 165, at PageID # 23175-76.) Stopher requested that the record be expanded to include the parole records he obtained. (DN 174.)

As set forth in this Court's prior order (DN 165), Rule 7(a) of the Rules Governing Section 2254 Cases provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." As the notes to the 2004 amendments to the rule explain, expansion of the record is not appropriate only for issues related to the overall merits of a petitioner's claim; instead "a court may wish to expand the record in order to assist it in deciding an issue other the merits of the petition." Rule 7, 2004 amendment note; *see also Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013) ("[E]xpansion of the record does not necessarily require that the district court consider that evidence in evaluating the merits of the habeas claim."). Here, the Court finds that expansion of the record with the parole records is appropriate given that the materials are a replacement for testimony the Court had previously indicated it would permit at an evidentiary hearing.

Accordingly, Stopher's Motion to Expand the Record (DN 174) will be **GRANTED**.

    **B.    Motion to Seal (DN 175)**

Stopher moved to seal the parole records on grounds that they are presumptively confidential pursuant to KRS § 439.510. (DN 175.) While the Warden opposed expansion of the

8

record, the Warden did not oppose sealing the parole records if the Court did expand the record to include them. (DN 179, at PageID # 23452 n.1)

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a motion to seal, the Court is required to make "specific findings and conclusions 'which justify nondisclosure to the public.' " *Rudd,* 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176). " '[A] court's failure to set forth those reasons . . .' is itself sufficient grounds to vacate the seal." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

Here, Stopher's only authority for sealing the proffered parole records is KRS § 439.510. That statute provides:

> All information obtained in the discharge of official duty by any probation or parole officer shall be privileged and shall not be received as evidence in any court. Such information shall not be disclosed directly or indirectly to any person other than the court, board, cabinet, or others entitled under KRS 439.250 to 439.560 to receive

9

such information, unless otherwise ordered by such court, board or cabinet. Information shall be made available to sex offender treatment programs operated or approved by the Department of Corrections or the Department for Behavioral Health, Developmental and Intellectual Disabilities who request the information in the course of conducting an evaluation or treatment pursuant to KRS 439.265(6), 532.045(3), or 532.050(4).

KRS § 439.510. Because the statute does appear to provide protection to the parole records at issue, the Court does find a compelling reason to seal the records at this stage. However, should the Court rely upon those records in making its ultimate recommendation or ruling on the merits, the Court may readdress the propriety of this seal as necessary.

Accordingly, Stopher's Motion to Seal (DN 175) will be **GRANTED**, and the Court will keep the parole records (DN 176) permanently under seal.

### C. Renewed Motion for Evidentiary Hearing and Discovery (DN 177)

Stopher requested an evidentiary hearing and additional discovery regarding his Claims 15 and 17. As set forth above, in the Court's March 22, 2024, Memorandum Opinion and Order, the Court order Stopher to "file a limited supplemental brief regarding whether an evidentiary hearing is appropriate and/or necessary as to his Claims 13 and 22." (DN 165, at PageID # 23178.) In his Supplemental Brief and Renewed Motion for Evidentiary Hearing and Discovery (DN 177), Stopher conceded as to Claim 13 that "there is no need nor any possibility of holding a hearing as contemplated at the time of the [Court's prior] Order" (DN 123). (DN 177, at PageID # 23242.) As to his Claim 22, Stopher "submit[ted] that the transcript [of the Gibson deposition] serves to provide the evidence that supports this claim as originally pleaded and therefore there is no need for an evidentiary hearing to allow live testimony by Gibson." (*Id.* at 23243.) By these statements, the Court concludes that Stopher agrees no evidentiary hearing is necessary on Claims 13 and 22.

Despite the Court's clear limitation of supplemental briefing to Claims 13 and 22, Stopher proceeded in his motion to request an evidentiary hearing and further discovery on Claims 15 and

17.  He took the position that the Court had not explicitly rejected his request for an evidentiary hearing on those claims.  (*Id.* at 23247, 23251.)  Stopher's position is not well taken.  The Court's March 10, 2017, Memorandum Opinion and Order (DN 123) addressed Stopher's motion for evidentiary hearing (DN 115).  In his motion, Stopher argued that he was entitled to an evidentiary hearing on his Claims 15 and 17.  (DN 115, at PageID # 22400-05, 22414-17.)  In ruling on that request, the Court found as follows:

> **Claims 15 and 17**
>
> In claim 15, Petitioner argues the ineffective assistance of trial counsel in failing to use his complete medical records. He refers to potential evidence in the *in camera* files and deposition of second-chair trial counsel. In claim 17, Petitioner argues that trial counsel were ineffective for not exposing that the police hid Petitioner's intoxication during the time he was at the police station before he was taken to the hospital. He states that he wishes to depose second-chair trial counsel and possibly call police officers at an evidentiary hearing. He also refers to the potentiality of evidence in the *in camera* files.
> These claims were decided on the merits by the state court. However, because the Court is allowing deposition of second-chair counsel on other issues, the Court will allow second-chair counsel to be deposed on these issues as well. However, whether the Court will consider that testimony will be contingent on a finding that the state court's determination on these claims was unreasonable.

(DN 123, at PageID # 22488-89.)  This constitutes a rejection of Stopher's request for an evidentiary hearing, and Stopher's instant motion does nothing more than to reiterate his argument that Claims 15 and 17 were not decided on the merits.  (DN 177, at PageID # 23247-55.)  Thus, for the same reasons that the Court previously refused to grant an evidentiary hearing on Claims 15 and 17, Stopher's instant motion is again denied.  In particular, to the extent that the Court intends to reconsider its prior finding that Claims 15 and 17 were decided by the Kentucky Supreme Court on the merits, the undersigned will do so in issuing his report and recommendation on the merits of Stopher's petition, not at this time.

For the same reasons that Stopher's motion for evidentiary hearing is denied, the Court also finds it appropriate to deny his renewed motion for discovery on Claims 15 and 17. As noted in the Court's prior order (DN 165), whether to grant discovery is a separate question from whether to grant an evidentiary hearing. "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Given that the Court's preliminary finding is that Claims 15 and 17 were decided on the merits by the Kentucky Supreme Court, the Court likewise finds that no further discovery on those claims is appropriate because the Court's analysis is limited to the record that was before the state court that adjudicated Claims 15 and 17 on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 181-182 (2011); *Keeling v. Warden*, 673 F.3d 452, 464 (6th Cir. 2012); *Sanders v. Curtin*, 529 F. App'x 506, 517 n.5 (6th Cir. 2013).

For these reasons, Stopher's Renewed Motion for Evidentiary Hearing and Discovery (DN 177) will be **DENIED**.

### D. Motion to Amend (DN 178)

Finally, Stopher moved for leave to amend his petition "to supplement the petition to include factual support to existing claims, utilizing evidence obtained by Stopher through discovery authorized by the Court in this habeas proceeding." (DN 178, at PageID # 23258.)

Stopher provided a redlined version of his proposed amended petition to demonstrate the limited nature of his revisions. (DN 178-1.) As noted by the Warden in his response, the Court had previously declined Stopher's offer to file an amended petition before the Court made its ultimate determination on whether to have an evidentiary hearing, noting in doing so that "[g]iven th[e] [case's] procedural posture and the very limited nature of the additions to the factual record to date, the Court s[aw] no need for Stopher to file an amended Petition." (DN 165, at PageID # 23178.) Stopher now argues that the Court's preliminary and other findings make the amendment of the petition necessary. (DN 178.) The Warden opposes amendment, arguing that "the briefing on Stopher's petition is extensive, and his claims are not so unusual or complex that additional analysis by the parties would prove helpful." (DN 179, at PageID # 23456.) The Warden argues that the Court has everything it needed to proceed to a recommendation and ruling on the merits in this matter.

Reconsidering the issue, especially in light of Rule 15's directive that the court "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(3), the Court will grant Stopher's motion to file an amended petition. Stopher is correct that the Court has made numerous preliminary rulings that affect his claims. As a result, some of Stopher's arguments are scattered across the docket as to certain issues, and the Court desires to ensure Stopher's primary arguments are contained within one document before proceeding to its final recommendation and ruling on the merits. Accordingly, Stopher's motion will be granted, and the Court will set deadlines for an amended response and reply, if any, below. In particular, the Court will not require either the Warden to file an amended response or Stopher to file an amended reply. If the Parties believe the present record speaks sufficiently to those issues, in lieu of an amended response or reply, either side may file a notice that it relies on its prior filings as a response or reply to the amended petition.

### III.   ORDER

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1)   Stopher's Second Motion to Expand the Record (DN 174) is **GRANTED**.

(2)   Stopher's Motion to Seal (DN 175) is **GRANTED**.  The Clerk is directed to keep the parole records filed at DN 176 **PERMANENTLY UNDER SEAL**.

(3)   Stopher's Second Motion for Evidentiary Hearing and Discovery (DN 177) is **DENIED**.

(4)   Stopher's Motion for Leave to File Second Amended Petition (DN 178) is **GRANTED**.  On or before **January 31, 2025**, Stopher shall file the proposed amended petition (DN 178-1) with his redlines accepted.  No other substantive changes are permitted.

    (a)   On or before **February 28, 2025**, the Warden shall file either an amended response to Stopher's amended petition or a notice that the Warden relies on his prior briefing.

    (b)   On or before **March 21, 2025**, Stopher shall file either an amended reply in support of his amended petition or a notice that he relies on his prior briefing.

(5)   All preliminary issues having been considered, upon the filing of the amended reply or the notice contemplated above, Stopher's petition will be considered ripe and submitted for the Court's review and the undersigned's issuance of a recommendation on the merits.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

January 2, 2025